65829. SMITH et al. v. HIAWASSEE HARDWARE COMPANY et al.
65830. WOOD et al. v. SMITH et al.
65831. CITY OF HIAWASSEE v. SMITH et al.

QUILLIAN, Presiding Judge.

The Smiths are the grandparents and guardians of Franklin Everett, a minor, whose mother, Rita Smith Everett, was killed when her automobile collided in an intersection with an automobile owned by Pope Wood and driven by his son, Timothy Dwight Wood. The collision occurred at the intersection of Berrong and Wood Streets in the City of Hiawassee (City), on the southwest corner of which stood a small wooden building erected by Hiawassee Hardware Company (HHC). The Smiths, as guardians of the deceased's child, brought this action for wrongful death in his behalf against the Woods, HHC, and the City. They alleged that the decedent's death was caused by Wood's son's negligent driving, for which Wood was also derivately liable under the family purpose doctrine; that HHC also caused the collision by erecting and maintaining a building at the intersection which obstructed the drivers' vision; and that the city was negligent in not doing anything about HHC's building which obstructed drivers' vision, failing to maintain a stop sign on Wood Street at the intersection, and failing to maintain safe and adequate streets. Upon trial, the jury found for HHC and against the Woods and the City. The Smiths, the Woods and the City all appeal. *Held:*

No. 65829.

1. The evidence authorized the jury to find that HHC's small building at the intersection obstructed a clear view of the two drivers from either of the intersecting streets to the other intersecting street.

The evidence was in conflict as to whether the structure was situated in the public right-of-way or not.

OCGA § 32-6-1 (Code Ann. § 95A-903) states it is unlawful for anyone to obstruct or encroach upon any part of any public road. OCGA § 32-6-51 (b) (Code Ann. § 95A-902) makes it unlawful for anyone to erect or maintain "in a place or position visible from any public road" any unauthorized structure which "[o]bstructs a clear view from any public road to any other portion of such public road, to intersecting or adjoining roads, or to property abutting such public road in such a manner to constitute a hazard to traffic on such roads."

Subsection (c) of OCGA § 32-6-51 (Code Ann. § 95A-902) goes on to state that any unauthorized structure erected or maintained "on the right-of-way of any public road" is a public nuisance which may be removed by the appropriate officials; and any such structure not on a road right-of-way which obstructs drivers' vision to an intersecting road so as to constitute a traffic hazard may be ordered removed by officials providing certain procedures are followed.

In accordance with the evidence supporting its theory that HHC was liable because of its erection and maintenance of the building at the intersection which blocked the clear view of drivers on the intersecting roads, the Smiths requested a charge based on the foregoing statutes which the court gave, after adding the words "in the road right-of-way," as follows: "I charge you that under the law of this State, it is unlawful for any person to erect, place or maintain in a place or position visible from any public road any unauthorized structure in the road right-of-way which obstructs a clear view from any public road to an intersecting or adjoining public road in such a manner as to constitute a hazard to traffic on such road or because of its nature, construction or operation interferes with the vision of drivers of motor vehicles."

We do not find that the addition of the words "in the road right-of-way" to the requested charge was error.

Together OCGA §§ 32-6-1 (Code Ann. § 95A-903) and 32-6-51 (Code Ann. § 95A-902), supra, clearly make the erection and maintenance of a structure in a public right-of-way per se unauthorized as well as unlawful, and the structure may be removed as a public nuisance. But § 32-6-1 (Code Ann. § 95A-903) does not apply to structures which are on private property adjacent to public roads. Structures on private property adjoining road rights-of-way only become unlawful under § 32-6-51 (Code Ann. § 95A-902) if they obstruct a clear view of roads in such a manner as to constitute a traffic hazard, *and they are unauthorized.* There is no per se lack of authorization as obtains in structures placed in public road rights-of-way, and the party asserting that a structure placed on

private property is unauthorized has the burden of establishing the fact of the assertion by showing that the structure was erected or maintained in violation of some statute, code, or local ordinance. There is no such evidence in this case to support a finding that HHC's building, if not in the road right-of-way, was unauthorized.

2. The Smiths' contention that the verdict was inconsistent because there was no basis upon which the jury could have found the City liable without finding HHC liable is also without merit. HHC's possible liability arose only from its erection and maintenance of its building. While the City's possible liability is also predicated on its failure to do anything about HHC's building, liability could also arise from its failure to maintain its streets in a reasonably safe condition, upon which the jury was instructed. Thus, if HHC's building obstructed vision, but was not in the right-of-way, the City still has a duty to maintain the intersection in a reasonably safe condition by some means.

No. 65831.

3. Appellant City's first enumeration of error has no merit.

4. In addition to other allegations of negligence by the City, it was also alleged that the City was negligent for failure to maintain a stop sign at the intersection. At the close of the evidence the court, finding that there was no evidence to support the allegation concerning the stop sign, in effect directed a verdict for the City on that issue. However, the court did not instruct the jury concerning this ruling, which the City asserts was error.

We find no merit in this assertion as the City made no request for such an instruction, nor any objection to the charge as given, thereby presenting no basis upon which to assert error on appeal. OCGA § 5-5-24 (a) (Code Ann. § 70-207 (a)); *Harris v. Miller Brother's Farms*, 161 Ga. App. 377 (5) (288 SE2d 639).

5. Error is enumerated because the City's motions for directed verdict and judgment notwithstanding the verdict, made on the grounds that there was no evidence that HHC's building encroached on the City's street right-of-way, were denied.

The evidence on this issue was in conflict and did not demand a verdict for the City. OCGA § 9-11-50 (a) (Code Ann. § 81A-150 (a)). " 'In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. [Cits.]' [Cit.] There being some evidence to support the verdict, there was no error in denying appellant's motion for a directed verdict. Similarly, where there is some evidence to support the verdict, it is not error to deny the defendant's motion for

judgment notwithstanding the verdict . . ." *Ga. Farm &c. Ins. Co. v. Matthews,* 149 Ga. App. 350 (1), 351 (254 SE2d 413).

6. The trial court denied the City's motions for judgment notwithstanding the verdict, to amend the verdict and to grant a new trial, made on the grounds that the City could not be held liable if HHC was not liable, which is enumerated as error.

The City argues that its liability was totally dependent upon HHC's liability and that the verdict was therefore inconsistent. This is the same argument made by appellants Smith as noted in the second Division, supra. We found there that the verdict was not inconsistent and that finding applies here also.

Therefore, as we find that the verdict was not inconsistent and that there was some evidence to support the verdict against the City, there was no error in denying the City's motions. *Ga. Farm &c. Ins. Co. v. Matthews,* 149 Ga. App. 350, 351, supra.

## No. 65830.

7. Appellants Woods' first enumeration is without merit. "'After verdict and judgment, it is too late to review judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. [Cits.]'" *Mallory Realty Co. v. Jones,* 163 Ga. App. 6 (1), 7 (292 SE2d 463).

8. The trial court denied appellant Pope Wood's motion for directed verdict made on the grounds that the evidence was insufficient to establish that he was the owner of the automobile his son was driving and was therefore not liable for the acts of his son under the family purpose doctrine.

The evidence was in conflict on the issue as it showed that Pope Wood, who did not testify, was the purchaser of the vehicle and the named insured of the liability insurance policy on the vehicle, and made the payments on the car and the insurance. The son testified that it was his car and that he paid his father for all expenditures made on the car. After the collision the son told police his father owned the car. As there is ample evidence to support the verdict on this issue, there was no error in denying the motion for directed verdict. See authority cited in Divisions 5 and 6.

*Scales v. Peevy,* 103 Ga. App. 42 (2) (118 SE2d 193), cited by appellant, is distinguishable as it was decided on a motion for summary judgment in which the opposing party failed to produce any evidence to rebut the movants' evidence that the father was not the owner of the vehicle driven by the son, thus raising no issue of material fact for determination.

9. Timothy Dwight Wood also moved for a directed verdict on

the ground that the evidence was undisputed that his vehicle was the first one into an uncontrolled intersection coming from the right, and the decedent therefore had to yield the right-of-way to him under OCGA § 40-6-70 (Code Ann. § 68A-401).

The evidence on this issue was not undisputed as there was conflicting evidence as to which vehicle entered the intersection first. Moreover, the evidence indicated that OCGA § 40-6-70 (Code Ann. § 68A-401) was not necessarily applicable in that Berrong Street, on which the decedent was driving, had no stop signs or other traffic controls at the intersection and was a well travelled, wider street; while Wood Street, on which young Wood was driving, was a narrower, less travelled street, utilized primarily as an access road to HHC's materials storage areas. There was also evidence that Wood Street had a stop sign where it intersected with Berrong coming from the opposite direction from which young Wood was driving, and that although there was no stop sign controlling Wood Street's intersection with Berrong when young Wood drove onto Berrong without stopping resulting in the collision, there had been one some years previously which had fallen down. Young Wood also testified that he had been through the same intersection in the same direction several times before the collision and had always stopped at Berrong Street before crossing or entering it. See Division 10 concerning a charge based on these facts.

In addition, the fact that a driver on the right has the right-of-way in entering an uncontrolled intersection does not relieve him "of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. His right-of-way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection ... without regard to the conditions and consequences." *Laseter v. Clark,* 54 Ga. App. 669, 671-72 (189 SE 265).

Therefore, the trial court did not err in denying the motion for directed verdict as the evidence was sufficient to support the verdict. *Ga. Farm &c. Ins. Co. v. Matthews,* 149 Ga. App. 350, 351, supra.

10. Both Woods complain that the following charge was not in accordance with the law: "Where a motorist travelling on a secondary street or subservient street knows that he is approaching an intersection which is a through highway or street, the absence of a stop sign at the intersection does not relieve such motorist of the obligation to exercise ordinary care to vehicles travelling on the through street."

The Woods claim there is no law in Georgia which specifically places a burden of yielding on a person travelling on a subservient street, as the evidence showed young Wood was, when intersecting

with a through street at an uncontrolled intersection.

However, OCGA § 40-6-70 (b) (Code Ann. § 68A-401), supra, makes a clear exception to the general rule of subsection (a) where the vehicle coming from the right is driving on a minor or subservient street or road and intersecting with a through highway. As indicated in the foregoing division there was evidence that Berrong Street, on which the decedent was driving was a wider, well travelled street, and the intersecting Wood Street, on which young Wood was driving, was a minor street which was controlled by a stop sign coming from the opposite direction, had been controlled by a stop sign in the past in the direction young Wood was coming which had fallen down and had never been replaced. Drivers on these streets, including young Wood, had treated Berrong as a through street, and Wood as the subservient street. Thus, we find that the instruction properly stated the law and was adjusted to the evidence.

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 24, 1983 —
REHEARING DENIED JUNE 22, 1983 

*Bruce M. Edenfield, J. David Dantzler, Jr.,* for appellants (case no. 65829).

*Robert F. Oliver, Martin W. Welch, Weymon H. Forrester, Thomas M. Cole,* for appellees.

*Robert F. Oliver,* for appellants (case no. 65830).

*Bruce W. Edenfield, J. David Dantzler, Jr., Martin W. Welch, Weymon H. Forrester, Thomas M. Cole,* for appellees

*Martin W. Welch,* for appellant (case no. 65831).

*Bruce W. Edenfield, J. David Dantzler, Jr., Robert F. Oliver, Weymon H. Forrester,* for appellees.