## 73516. WHIDBY et al. v. MR. B'S FOOD MART et al.
(356 SE2d 78)

BENHAM, Judge.

Janet Whidby was killed when the car she was driving collided with a tractor-trailer. Appellants, her parents, brought suit against appellees D. C. and Mattie Childs, d/b/a/ Childs Wrecker Service and Childs Used Cars ("the Childses"), and against appellee Mr. B's Food Mart ("Mr. B's"). Appellants' theory of recovery was that a tow truck parked on the Childses' property and a lighted sign located on Mr. B's property prevented their daughter from seeing oncoming traffic after she stopped at a stop sign, causing her to pull out in front of an approaching truck.

The controlling authority for this case is *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70 (305 SE2d 805) (1983). This court held in that case that "[s]tructures on private property adjoining road rights-of-way only become unlawful under OCGA § 32-6-51 . . . if they obstruct a clear view of roads in such a manner as to constitute a traffic hazard, *and they are unauthorized*. There is no per se lack of authorization as obtains in structures placed in public road rights-of-way, and the party asserting that a structure placed on private property is unauthorized has the burden of establishing the fact of the assertion by showing that the structure was erected or maintained in

violation of some statute, code, or local ordinance." Id. at 71. Although this court spoke only of structures because that case involved a building, the statute involved concerns "any unauthorized sign, signal, device, or other structure . . ." which is visible from a public road. OCGA § 32-6-51 (b).

In order to show that the placement of the sign on the property of Mr. B's and of the truck on the Childses' property was unauthorized, appellants first assert that the truck was a sign because of the conjunction of its positioning near the roadway and the presence of the business name painted on the side of the truck, and then assert that both signs were in violation of OCGA § 32-6-75 (9) and (16). It is there that appellants' argument breaks down. The cited Code section is part of a series of laws regulating the placement of outdoor advertising within specified distances of interstate highways and "roads of the state highway system which also form a part of the interstate and primary systems of highways declared by the Congress in Title 23, Section 103, United States Code." OCGA § 32-6-70. The record in this case is wholly devoid of any evidence that Highway 96 in Houston County is part of the "primary systems of highways" mentioned in § 32-6-70 and defined in OCGA § 32-6-71 (16). There is, therefore, no showing that OCGA § 32-6-75 is applicable. Without that showing, appellants cannot show that the placement of the sign and of the truck was "unauthorized," which in turn prevents them from showing that appellees could be liable for the positioning of the allegedly obstructing objects. *Smith v. Hiawassee Hardware Co.*, supra. Appellants have not, therefore, demonstrated on appeal that the grant of summary judgment to appellees was error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

Decided March 18, 1987 —
Rehearing denied March 31, 1987 — 

*Lester Z. Dozier, Jr., A. Burton Lee*, for appellants.
*Charles L. Ruffin, Rufus D. Sams III, Thomas W. Talbot, R. William Buzzell II, Leland M. Malchow*, for appellees.