A92A1736. LEE v. BARTUSEK et al.
(422 SE2d 570)

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. The collision occurred at approximately 9:15 p.m. on February 15, 1991, at the intersection of Holcomb Bridge Road and Peachtree Industrial Boulevard in Gwinnett County. On the evening in question there was a power outage in the vicinity of the intersection. The traffic signal at the intersection was completely dark as were the adjacent commercial buildings and parking lots.

The vehicle driven by plaintiff was traveling west on Holcomb Bridge Road. Plaintiff was familiar with the intersection, saw that the traffic signal was out as he approached the intersection, and stopped the vehicle at the stop line before entering the intersection. When plaintiff looked to the right, while he was stopped, he saw the approaching headlights of the Bartusek vehicle approximately 250 yards away. Plaintiff then proceeded forward into the intersection and did not look to the right again or see the Bartusek vehicle again prior to the collision. Defendant Josh Bartusek driving south on Peachtree Industrial Boulevard did not see the intersection and saw the car driven by plaintiff so short a time prior to the collision that he was unable to react and apply the brakes.

Plaintiff Lee alleged that defendant Josh Robert Bartusek's negligent operation of his parents' vehicle caused the collision with the vehicle plaintiff was driving. Josh's parents, Darold Bartusek and Sheryl Bartusek, are named as additional defendants under the family purpose doctrine. Plaintiff Lee appeals following a verdict and judgment in favor of defendants. *Held:*

1. Thirteen of plaintiff's enumerations of error complain of the trial court's refusal to include all or part of fifteen of plaintiff's requested instructions in the charge to the jury. We have examined each of the requested instructions and conclude that there was no error in omitting them since each is either an incorrect statement of the law, not adjusted to the evidence or pleadings, or covered in substance in the charge given to the jury. " ' "In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. (Cit.)" (Cit.)' *Brown Realty Assoc. v.*

*Thomas*, 193 Ga. App. 847, 850 (6) (389 SE2d 505) (1989)." *Coastal Equities v. Chatham County Bd. of Tax Assessors*, 201 Ga. App. 571, 574 (411 SE2d 540).

2. Two of plaintiff's enumerations of error complain of the inclusion in the charge to the jury of certain language requested by defendant. The trial court did not err in including a charge based on the rule stated in *Essig v. Cheves*, 75 Ga. App. 870 (5) (44 SE2d 712), and *Laseter v. Clark*, 54 Ga. App. 669 (2) (189 SE 265). This charge was a correct statement of the law and was adjusted to the evidence.

Plaintiff also complains of the trial court charging the jury that "a person traveling on a subservient street has a burden of yielding when intersecting with a through street at an uncontrolled intersection." This language is a correct statement of the law and is apparently derived from this court's decision in *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70, 74 (10) (305 SE2d 805). In *Smith*, this Court found in OCGA § 40-6-70 (b) an "exception to the general rule of subsection (a) where the vehicle coming from the right is driving on a minor or subservient street or road and intersecting with a through highway." But what is meant by a minor or subservient street or road?

In the case sub judice, defendants rely upon testimony from Gwinnett County's Director of Transportation that Peachtree Industrial Boulevard was the major or through street and that Holcomb Bridge Road was the subservient road. However, this opinion was based entirely on the manner in which the traffic signal was programmed, that is, that in the event of a malfunction a "conflict monitor" in the traffic signal would place the signal in "flashing mode" causing it to flash yellow on Peachtree Industrial Boulevard and red on Holcomb Bridge Road, thus giving priority to traffic on Peachtree Industrial Boulevard.

In *Smith*, the subservient street was distinguished by its narrower width, the lesser volume of traffic, the fact that traffic from the opposite direction was controlled by a stop sign, the past presence of a stop sign, and the customary practices of the drivers on it and the intersecting through street. These factors would be apparent to a motorist approaching the intersection, particularly if the motorist was familiar with the intersection. In the case sub judice, both of the intersecting streets have four or more lanes suggesting that both are major traffic arteries. While Peachtree Industrial Boulevard is given priority in the event of certain traffic signal malfunctions, there is nothing in the record suggesting that the average motorist could reasonably discern that it is a more significant roadway than Holcomb Bridge Road.

OCGA § 40-6-70 (b), along with other provisions of the Uniform Rules of the Road, is intended to regulate motorists and thus must

relate to factors which motorists may reasonably be expected to discern. Obviously, a passing motorist cannot discern the manner in which a traffic signal is programmed to address a non-existent situation and a motorist's behavior cannot be regulated by such data secreted in the circuits of a machine.

It follows that the rule stated in *Smith* can be applicable only where motorists approaching an unregulated intersection may reasonably discern that one of the intersecting roads is a major through street to which other roads are subservient. There is no evidence suggesting that the intersection at issue in this case was of this type. Instead, the evidence shows that this case involves the intersection of two major thoroughfares of comparable prominence and that there was nothing discernible which would suggest to motorists that one of these streets enjoyed any priority over the other. Thus, the charge at issue, requested by defendants and included in the trial court's charge to the jury, was not adjusted to the evidence at trial. However, we can perceive no harm to plaintiff since under the evidence in this case the correct and applicable rule from OCGA § 40-6-70 (a) is not altered by this charge. In either instance, plaintiff was obliged to yield to the vehicle on his right. Harmless error does not require reversal. *Ingram v. Peterson*, 196 Ga. App. 888, 891 (6) (397 SE2d 141).

3. Plaintiff's 16th enumeration of error complains of the grant of defendants' motion in limine striking plaintiff's lost wages claim as an issue to be submitted to the jury. Since this enumeration goes only to the issues of damages, any error was rendered harmless by the verdict in favor of defendants on the issue of liability. *Barnes v. Wall*, 201 Ga. App. 228, 230 (3) (411 SE2d 270).

4. The testimony of an emergency room physician, who happened on the scene shortly after the collision, was admitted via the reading into evidence of a deposition. In his 17th enumeration of error plaintiff complains of the trial court's overruling his objection to permitting the physician's unresponsive answer to the question, "were there any other cars when you got there?" However, this enumeration of error is not supported by any argument or citation of authority and must be deemed abandoned. *Pheil v. Southern Bell Tel. &c. Co.*, 201 Ga. App. 846, 847 (6) (412 SE2d 609).

5. In enumeration of error no. 18, plaintiff contends that the trial court erred in overruling his motion in limine attempting to bar Gwinnett County's Director of Transportation from stating an opinion based on speculation and going to the ultimate fact to be decided by the jury. The opinion at issue was that "a person who is unfamiliar with that area would have difficulty realizing there was an intersection there." However, this was not speculation but an opinion formed by this witness based on his observations of the scene shortly after the collision. This witness was qualified at trial as an expert capable

of reconstructing accidents, arrived at the scene shortly after the collision, and testified in great detail as to his reconstruction of the collision. The trial court was authorized to conclude that this witness had ample opportunity for forming an opinion and had stated a proper basis for this opinion. *Department of Transp. v. McLaughlin*, 163 Ga. App. 1, 5 (3) (292 SE2d 435).

6. Plaintiff's 19th and final enumeration of error contends the trial court erred in sustaining an objection to a question put to defendant Josh Bartusek on cross-examination, "on your driver's test you were taught to yield the right-of-way to the vehicles nearer the intersection, weren't you?" The only support tendered by plaintiff for this enumeration of error is a citation to *Isom v. Schettino*, 129 Ga. App. 73 (199 SE2d 89). However, we find nothing in the cited case relevant to this issue. The evidence which plaintiff sought to elicit would only state the witness' impression as to the law. The trial court was the proper source of instruction as to the law and under the circumstances of the case sub judice what the witness had been taught was irrelevant. This enumeration of error is without merit.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 23, 1992.

*Sammy J. Hawkins*, for appellant.
*Greer, Klosik & Daugherty, John F. Daugherty, Charles M. Morris*, for appellees.