A94A0223. WILLIAMS v. SCRUGGS COMPANY.
(445 SE2d 287)

COOPER, Judge.

Plaintiff Christin Amanda Williams was a passenger in a car driven by Joel Montgomery on Union Road in Valdosta, Georgia, in the early evening hours of January 17, 1991. As Montgomery drove the car west across certain railroad tracks that intersect with Union Road, his car was struck by a train traveling north on the tracks owned and operated by Georgia Southern & Florida Railway Company. Even though a railroad crossing warning sign and a stop sign were located at the railroad crossing and another railroad crossing warning sign was situated on Union Road prior to the crossing, the evidence indicates that Montgomery neither stopped nor slowed down his vehicle before entering the grade crossing at an approximate speed of 40 mph. Montgomery died shortly after the collision. Blood and urine tests performed on his body were positive for cannabinoids.

Plaintiff filed a negligence action against Georgia Southern & Florida Railway Company, Scruggs Company and the owner of the car involved in the collision seeking damages for injuries she sustained as a result of this collision. Scruggs Company is the owner of a cement plant lying south of Union Road and east of the railroad tracks. Plaintiff alleges that debris negligently placed on Scruggs

Company's property and heavy equipment deposited in the vicinity of the railroad right-of-way negligently interfered with the vision of motorists entering the railroad crossing on Union Road by obscuring the sight of oncoming trains traveling north on the railroad tracks. Plaintiff further alleges that Scruggs Company was aware that previous collisions had occurred at this intersection but allowed its debris and equipment to be placed on the cement plant property with no consideration for the safety of others. Scruggs Company filed a motion for summary judgment which was granted by the trial court, and plaintiff appeals.[1]

1. Relying on the Restatement of Torts (2d), §§ 364 and 365 (1965), plaintiff argues that the trial court erred in holding that a landowner adjoining a railroad right-of-way has no duty to take reasonable precautions to prevent injury to others traveling on an adjacent public road. Specifically, plaintiff claims that Scruggs Company can be held liable to plaintiff in negligence because the company maintained an artificial condition on its property which it realized or should have realized would involve an unreasonable risk of harm to those traveling on Union Road by obstructing the view of oncoming trains traveling north on the railroad tracks.

Although there is no case law in Georgia involving a private property owner's liability for permitting allegedly vision-obstructing objects to exist on property abutting a railroad crossing, this court has considered a property owner's liability for vision-obstructing conditions on property abutting the intersection of two public roads. The controlling authority for landowner liability in these cases is *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70 (305 SE2d 805) (1983) where we held that " '(s)tructures on private property adjoining road rights-of-way only become unlawful under OCGA § 32-6-51 . . . if they obstruct a clear view of roads in such a manner as to constitute a traffic hazard, *and they are unauthorized*. There is no per se lack of authorization as obtains in structures placed in public road rights-of-way, and the party asserting that a structure placed on private property is unauthorized has the burden of establishing the fact of the assertion by showing that the structure was erected or maintained in violation of some statute, code, or local ordinance. [Cit.]' " *Whidby v. Mr. B.'s Food Mart*, 182 Ga. App. 408 (356 SE2d 78) (1987). Thus, in *Smith v. Hiawassee Hardware Co.*, supra, we held that the owner of a building that allegedly obstructed a driver's vision at the intersection of two public roads could not be held liable in negligence because the

---

[1] The trial court has determined that there is no just reason for delay and has directed that final judgment be entered in favor of Scruggs Company pursuant to OCGA § 9-11-54 (b). Plaintiff's claims against Georgia Southern & Florida Railway Company and the owner of the car are still pending in the trial court.

plaintiff had failed to show that the property owner had violated some statute, code or local ordinance by erecting its building at that particular location. Similarly, in *Whidby v. Mr. B's Food Mart*, supra, we held that a property owner who placed a lighted sign on its property in such a manner as to obstruct a driver's view of oncoming traffic at the intersection of two public roads could not be held liable in negligence because the plaintiff had failed to show that the placement of the sign was "unauthorized" by being in violation of some statute, code or local ordinance.

We see no reason to differentiate between private landowners whose property abuts the intersection of two public roads and private landowners whose property abuts the intersection of a public road and railroad tracks. Accordingly, we are constrained to conclude that summary judgment in favor of Scruggs Company was proper because plaintiff was unable to show that the allegedly vision-obstructing debris and heavy equipment located on Scruggs Company's property was "unauthorized."

2. Having determined that plaintiff cannot establish an essential element of her prima facie case in negligence against Scruggs Company, we need not address plaintiff's second enumeration of error that genuine issues of fact remain as to whether certain pieces of heavy equipment belonging to Scruggs Company were lying in the railroad right-of-way at the time of the collision.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994.

*S. Lester Tate III, Lamar Gibson*, for appellant.
*Young, Clyatt, Turner, Thagard & Hoffman, Robert M. Clyatt, Daniel C. Hoffman, Sherry S. Harrell*, for appellee.