## A95A1440. UNITED REFRIGERATED SERVICES, INC. v. EMMER.
### (463 SE2d 535)

RUFFIN, Judge.

Mary Emmer was injured when the tractor-trailer truck in which she was a passenger collided with a CSX train at the intersection of the railroad track and LaGrange Boulevard in LaGrange, Georgia. United Refrigerated Services, Inc. ("United") owned and maintained the property adjacent to LaGrange Boulevard over which the train traveled prior to the collision. United planted a row of pine trees on the edge of its property which bordered LaGrange Boulevard. Emmer sued United, contending that because United failed to maintain the trees, they blocked the truck driver's view of the approaching train and thus constituted a public nuisance as well as the proximate cause of the collision. The trial court denied United's motion for summary judgment, and we granted its application for interlocutory appeal to determine whether the trial court erred in failing to apply OCGA § 32-6-51 to this case. For reasons which follow, we reverse.

1. United contends the trial court erred in denying its motion for summary judgment on the negligence claim because at the time of the accident Emmer was a licensee, and its duty to her was merely to refrain from causing her wilful or wanton injury. Emmer, on the other hand, argues that United owes her a general duty of care. But this case does not turn on the issue of a landowner's duty to a licensee who goes upon its property and is injured. In *Williams v. Scruggs Co.*, 213 Ga. App. 470 (445 SE2d 287) (1994), we held that cases such as this involving a landowner's liability for vision-obstructing objects on property abutting a railroad crossing are governed by OCGA § 32-6-51. OCGA § 32-6-51 (b) (3) states that "[i]t shall be unlawful for any person to erect, place, or maintain in a place or position visible from any public road any unauthorized sign, signal, device, or other structure which . . . [o]bstructs a clear view from any public road. . . ." In *Williams*, we upheld summary judgment for a property owner because the plaintiff failed to show that the obstruction was unauthorized and "structures on private property adjoining road rights-of-way only become unlawful under OCGA § 32-6-51 if they obstruct a clear view of roads in such a manner as to constitute a traffic hazard, *and they are unauthorized.*" (Citation and punctuation omitted; emphasis in original.) Id. at 471.

United also contends that the number and placement of trees on its property were required under a Fulton County Tree Preservation

Ordinance and Landscaping Plan; therefore, it cannot be liable to Emmer on her negligence claim under OCGA § 32-6-51. Emmer argues that OCGA § 32-6-51 is inapplicable because a tree is not a structure. See Webster's Collegiate Dictionary (9th ed.) which defines structure as "something (as a building) that is constructed." But in *Williams*, supra, we found that vision-obstructing debris on the defendant's property fell within the ambit of the statute. That being the case, we are constrained to hold that the statute also applies to allegedly vision-obstructing trees. Thus, Emmer was required to show the trees on United's property were unauthorized. This she did not do, and the trial court therefore erred in denying United's motion for summary judgment on the negligence claim.

2. United also contends the trial court erred in denying summary judgment on Emmer's nuisance claim. We agree.

In *Zellers v. Theater of the Stars*, 171 Ga. App. 406 (319 SE2d 553) (1984), we held that "[a] public nuisance is one which damages all persons who come within the sphere of its operation. . . . This language is not used in the sense that *every person* in the area must have been actually hurt or injured in order to show a public nuisance. . . . It is sufficient if it injures those of the public who may actually come in *contact* with it." (Citation and punctuation omitted; emphasis in original.) Id. at 408 (3). United filed an affidavit showing it had no knowledge of any previous accidents. "Inasmuch as a public nuisance must injure *all* members of the public who come in contact with it, the evidence to the contrary effectively erased [Emmer's] public nuisance cause of action." (Citation and punctuation omitted; emphasis in original.) Id. at 409. Accordingly, the trial court erred in denying United summary judgment with respect to Emmer's nuisance claim.

3. Based on our holding above, we need not address United's remaining enumerations of error concerning its motion for summary judgment.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 31, 1995.

*Freeman & Hawkins, Warner S. Fox, Sharon W. Ware & Associates, Kathryn A. Thurman*, for appellant.

*Casey, Gilson & Williams, James E. Gilson, J. Wayne Pierce*, for appellee.