A00A0450. HOWARD v. GOURMET CONCEPTS
INTERNATIONAL, INC. et al.
A00A0451. HOWARD v. DeKALB COUNTY.
(529 SE2d 406)

ELDRIDGE, Judge.

On November 17, 1995, Teresa G. Howard, plaintiff-appellant, received serious personal injuries when she attempted to turn left from Talton Drive into the southbound lane of Montreal Circle, where she was struck by Matthew Upchurch, driving a truck for Courier Express/Atlanta, Inc. and traveling north on Montreal Circle. In addition to Upchurch and Courier Express, Howard sued the owner of the property on Montreal Circle just south of Talton Drive, Gourmet Concepts International, Inc.; its landscaping service, Elias Garden Care, Inc. d/b/a Atlanta Scapes; and DeKalb County for maintaining a public nuisance. Howard contended that the trees, bushes, and grass on this property obstructed the view of the northbound lane of travel on Montreal Circle, so that neither driver could see the

other around the curve in the road. Some of the obstruction existed on the right-of-way of DeKalb County. Although Howard could not see down the northbound lane because of the greenery, she pulled across this lane and into the southbound lane of Montreal Circle, where she was struck. The trial court granted summary judgment to Gourmet Concepts, Atlanta Scapes, and DeKalb County. The issues presented were: (a) did a nuisance exist; (b) did notice of a nuisance occur; (c) was the nuisance the proximate cause of plaintiff's injuries; and (d) could DeKalb County be liable in nuisance to her for personal injuries. Jury issues existed as to (a) and (b), and we answer (c) and (d) in the negative. Therefore, we affirm the trial court's grant of summary judgment.

### Case No. A00A0450

1. Howard's first enumeration of error is that "[t]he trial court erred by granting summary judgment to [Gourmet Concepts and Atlanta Scapes] by finding [Howard] did not meet her burden of proof to show the allegedly offending greenery on Gourmet Concept's property was unauthorized."

(a) OCGA § 32-6-51, prohibiting the maintenance of vision-obstruction objects on or adjacent to a road right-of-way, applies to planted trees, shrubbery, and vegetation as well as to signs, structures, or constructed objects. The maintenance of such obstruction is negligence when it creates a traffic hazard and is unauthorized. However, if the statutory elements have not been met, then neither nuisance nor negligence arises under such Act. See *United Refrigerated Svcs. v. Emmer*, 218 Ga. App. 865-866 (1) (463 SE2d 535) (1995). To recover at trial, plaintiff must show that the objects on private property adjacent to the right-of-way were unauthorized. "[S]tructures on private property adjoining road rights-of-way only become unlawful under OCGA § 32-6-51 if they obstruct a clear view of roads in such a manner as to constitute a traffic hazard, *and they are unauthorized.*" (Citation and punctuation omitted; emphasis in original.) Id. at 865. See also *Williams v. Scruggs Co.*, 213 Ga. App. 470, 471-472 (1) (445 SE2d 287) (1994); *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70, 71-72 (1) (305 SE2d 805) (1983).

Also, Howard contends that the planting or growth extended onto the public right-of-way, which is growth from private property, obstructing motorists' views in violation of DeKalb County Code § 17-6 (a), which prohibits obstructions on the public right-of-way. Thus, a jury issue exists as to whether the vegetation constituted a traffic hazard and, depending upon the location, whether the obstruction was authorized or unauthorized. See *Williams v. Scruggs Co.*, supra at 472; *Smith v. Hiawassee Hardware Co.*, supra at 72.

There exists a jury issue as to whether or not the vegetation had grown sufficiently, on private property, the right-of-way, or both, to create a visual obstruction constituting a traffic hazard under the facts of this case. See OCGA § 32-6-51; *United Refrigerated Svcs. v. Emmer*, supra at 865-866; *Williams v. Scruggs Co.*, supra; *Smith v. Hiawassee Hardware Co.*, supra.

(b) Evidence that Gourmet Concepts and Atlanta Scapes lacked knowledge of any prior accidents caused by the vegetation obstruction shifted the burden of coming forward with some evidence to create a disputed issue of fact for the jury to Howard. See OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

Howard came forward, however, with some evidence that the obstruction existed for a considerable period of time. This required a favorable inference to Howard made by the trial court that a public nuisance existed and had existed for sufficient time that Gourmet Concepts and Atlanta Scapes either knew or should have known that it created a traffic hazard. But Howard failed to show that others had suffered injury from the obstruction so as to constitute a public nuisance that "injures those of the public who may actually come in *contact* with it." (Citations and punctuation omitted; emphasis in original.) *Zellers v. Theater of the Stars*, 171 Ga. App. 406, 408-409 (3) (319 SE2d 553) (1984). See also OCGA § 41-1-2; *United Refrigerated Svcs. v. Emmer*, supra at 866 (2). Thus, the trial court properly granted summary judgment on such public nuisance issue.

(c) Assuming arguendo that a statutory nuisance existed or a statutory violation under OCGA § 32-6-51 constituted negligence per se, thereby creating a traffic hazard, the defendants presented evidence that the acts and omissions of Upchurch were the sole proximate cause of the collision. The burden of coming forward with some evidence as to the concurrent causation of the collision then shifted to Howard to create an issue of fact from slight evidence that the vegetation constituted a concurrent causative factor in the collision. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, supra. While the greenery may have caused some obstruction of vision in the middle of November, there existed an absence of any competent evidence that any possible obstruction in visibility did, in fact, cause or contribute to the collision. *Tuggle v. Helms*, 231 Ga. App. 899, 902 (2) (499 SE2d 365) (1998); *Cromer v. Hodges*, 216 Ga. App. 548, 549 (1) (455 SE2d 94) (1995). The evidence presented creates a strong probability, where reasonable minds cannot differ, that a jury will find that the negligence of Upchurch was the sole proximate cause of the collision. The plain, palpable, and undisputed evidence of the alleged active negligence of Upchurch, i.e., excessive speed when approaching this intersection, failure to maintain control, failure to keep a proper

lookout when incomplete visibility may have existed because of the curve and vegetation, and driving over the center of the road on the wrong side of the road, constituted the sole proximate cause of the collision as compared to the alleged passive negligence of the other defendants. *Cantrell v. Thurman*, 231 Ga. App. 510, 515-516 (7) (499 SE2d 416) (1998); *Stegall v. Central Ga. Elec. Membership Corp.*, 221 Ga. App. 187, 190-191 (2) (470 SE2d 782) (1996); *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 576-578 (436 SE2d 690) (1993). The mere occurrence of this collision and the presence of vegetation alongside the road do not create a concurrent proximate cause of the occurrence. *City Council of Augusta v. Booker*, 229 Ga. App. 566, 567 (1) (494 SE2d 374) (1997). Thus, the trial court properly granted summary judgment.

2. Division 1 controls the remaining enumerations of error.

*Case No. A00A0451*

3. Howard enumerates as error that the trial court granted summary judgment to DeKalb County.

A county may be liable to an owner in damages to property, either real or personal, through inverse condemnation by a nuisance, created, maintained, or worsened by such county. See *DeKalb County v. Orwig*, 261 Ga. 137, 138 (1) (402 SE2d 513) (1991); *Fulton County v. Wheaton*, 252 Ga. 49, 50 (1) (310 SE2d 910) (1984), overruled on other grounds, *DeKalb County v. Orwig*, supra. The measure of damages in such cases is the same as in condemnation cases. See *DeKalb County v. Orwig*, supra at 138.

> The reason sovereign immunity is not applicable when a nuisance amounts to a taking of property of one of its citizens for public purposes is that inverse condemnation is a form of eminent domain. Ga. Const. of 1983, Art. I, Sec. III, Par. I; *Miree v. United States*, 242 Ga. 126, 134 (2) (249 SE2d 573) (1978); *Woodside v. Fulton County*, 223 Ga. 316, 319-321 (1) (155 SE2d 404) (1967).

*Fielder v. Rice Constr. Co.*, 239 Ga. App. 362, 364 (1) (522 SE2d 13) (1999).

Personal injury, however, for purposes of inverse condemnation does not constitute personal property that can be taken. See *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430-433 (1) (437 SE2d 290) (1993); *DeKalb County v. Orwig*, supra at 138; *Wilmoth v. Henry County*, 251 Ga. 643-644 (1) (309 SE2d 126) (1983); *Donaldson v. Dept. of Transp.*, 212 Ga. App. 240, 242 (441 SE2d 473) (1994). Sovereign immunity bars any action for personal injury or wrongful death against a county arising from nuisance or inverse condemnation. See *DeKalb*

*County v. Orwig*, supra at 138; *Kordares v. Gwinnett County*, 220 Ga. App. 848, 850-851 (470 SE2d 479) (1996); *Canfield v. Cook County*, 213 Ga. App. 625, 626 (445 SE2d 375) (1994); *Christian v. Monroe County*, 203 Ga. App. 342, 343 (1) (417 SE2d 37) (1992). Thus, the trial court properly granted summary judgment to DeKalb County for an alleged nuisance causing personal injury.

4. The other enumerations of error are controlled by Divisions 1 and 3.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 8, 2000 —
RECONSIDERATION DENIED FEBRUARY 29, 2000 — 

*Steven L. Beard*, for appellant.

*Swift, Currie, McGhee & Hiers, Henry L. Pruett, Johnson, Kayne & Penna, Christopher E. Penna, Derek A. Mendicino*, for appellees (case no. A00A0450).

*Bernard Knight, Elizabeth T. Marinelli, Daniel S. Digby*, for appellee (case no. A00A0451).