A02A2107, A02A2108, A02A2109. AMON-RA et al.
v. DEPARTMENT OF TRANSPORTATION (three cases).
(576 SE2d 578)

ANDREWS, Presiding Judge.

Plaintiffs sued the Georgia Department of Transportation after an automobile accident which they claimed was the result of improper road maintenance. The jury returned a verdict in favor of

the DOT, and plaintiffs now appeal, contending the trial court erred in failing to give a requested jury charge. For the reasons which follow, we conclude there was no error and affirm.

Reviewing the evidence at trial, the transcript shows that Khadija Amon-Ra, her son, and her nephew were riding in a car driven by Amon-Ra's sister, Shaheeda Amon-Ra. They were driving on Macland Road, and as they were going around a curve, Khadija said she "felt the right tire go down" and she remembers her sister "trying to turn to get up out of the drop." Amon-Ra could remember nothing else until the car had stopped and the air bag deployed. Shaheeda Amon-Ra testified that she remembers the car going off the road, turning the wheel back to the left, and then spinning out of control. She does not know why she drove off the road.

Plaintiffs introduced testimony from an accident reconstruction expert that the DOT had failed to grade the road after it was repaved, resulting in a substantial shoulder drop-off on some portion of the road. There was testimony that if a shoulder drop-off exceeded two inches it was supposed to be repaired, and the drop-off in question was at least four to five inches. Plaintiffs' expert stated that Amon-Ra went off the road at a point where the shoulder drop-off was substantial, then overcorrected in steering left to get back on the road, but was headed toward the centerline. At that point she again overcorrected when she turned the steering wheel back to the right, ran off the road again, and again overcorrected when turning back to the left. The expert said that when the car went off the road a second time, it started rotating and came back onto the road headed toward the centerline, crossed into the other lane where a car coming from the opposite direction hit the car broadside.

The investigating officer did not agree with plaintiffs' expert, testifying that the asphalt at the shoulder drop-off was brittle and could be broken off with the fingers. Therefore, if a car had gone off the road at the point of the drop-off and come back onto the pavement, there should be some evidence of that on the roadway. He stated that he found no evidence of this, no marks on the asphalt, no scarring of the inside tire treads, and no damage to the undercarriage. The officer said that they did find evidence that the car left the roadway at a point where there was a one-inch shoulder drop-off.

The DOT's expert testified that there was evidence that Amon-Ra lost control as she went into the curve, turned the wheel to the right and went off the road, overcorrected again and came back onto the road, headed toward the centerline where she was struck by an oncoming car. The DOT's expert also testified that there was no evidence that the car went off the road anywhere except between the curve to the right and the curve back to the left, at which point there was only a one-inch drop-off.

The jury returned a verdict for the DOT, but sent out a note stating: "We the jury find the DOT to have been negligent in the maintenance of Macland Road. Due to insufficient evidence presented, we were unable to find this negligence as the proximate cause in this case."

In their sole enumeration of error, plaintiffs claim the trial court erred in refusing to give the following requested charge:

A defendant may be held liable for an injury where the defendant commits a negligent act which puts other forces in motion or operation, which results in the injury, when such other forces are the natural and probable result of the acts or omissions of the defendant and which reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable and probable result of the original negligent acts or omissions, then there can be no recovery. If the chain reaction which resulted from the defendant's alleged negligence, if any, meets the above tests, then plaintiffs could recover; otherwise, plaintiffs could not.

The trial judge declined to give this charge, stating that he was "not sure this had anything to do with chain reaction." The court did give the following charge:

I charge you that in order for the defendant, the [D]epartment of [T]ransportation of the State of Georgia, to be held liable for negligence, it is not necessary that the defendant should have been able to anticipate the particular consequences which ensued. It is sufficient if in ordinary prudence the defendant might have foreseen some injury would result from its act or omissions and that consequences of a generally injurious nature might result.

The court also gave the pattern charges on proximate cause, sole proximate cause, and contributing proximate cause.

In reviewing a claim of error for refusal to charge, we must determine whether the request was entirely correct and accurate, adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. *Lee v. Bartusek*, 205 Ga. App. 551 (422 SE2d 570) (1992). "A request to charge must embody a correct, applicable and complete statement of law, and be so couched as not to have a tendency to confuse and mislead the jury and to becloud the issues." *Atlantic Coast Line R. Co. v. Brown*, 82 Ga. App. 889, 891 (62 SE2d 736) (1950). Here, as the DOT points out, there was no mention of a "chain reaction" at trial, and the sole issue for the jury was

whether the excessive drop-off caused Amon-Ra to lose control of her car. Amon-Ra does not dispute this, nor does she point to anywhere in the transcript where the term chain reaction was ever used or argued to the jury.

Moreover, "[j]ury instructions must always be viewed as a whole," and "[i]t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court." (Citations and punctuation omitted.) *Shirley v. State*, 245 Ga. 616, 619 (266 SE2d 218) (1980).

In this case, the trial court fully and fairly charged the jury on the issues raised by the evidence, including foreseeability and proximate cause. Therefore, we conclude there was no error and affirm.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2003 —
RECONSIDERATION DENIED JANUARY 28, 2003 —

*Orr & Edwards, W. Fred Orr II, James G. Edwards II*, for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Robert C. Edwards, Assistant Attorney General*, for appellee.