## A03A0636. TOWN OF REGISTER v. FORTNER.
## A03A0637. OGEECHEE RAILWAY v. FORTNER.
### (586 SE2d 54)

SMITH, Chief Judge.

Sheila Fortner brought this action against the Town of Register (the town) and Ogeechee Railway after Leon Fortner, her husband, was killed in a vehicular collision with a train engine operated by an Ogeechee employee. Fortner asserted several claims against the defendants. The trial court granted summary judgment to the defendants on some claims but denied summary judgment with respect to Fortner's claims that the town and Ogeechee failed to maintain the railroad right-of-way free of overgrown shrubs that allegedly obstructed Leon Fortner's view of the oncoming train.[1] The court also concluded that genuine issues of material fact existed as to whether Leon Fortner's failure to exercise ordinary care for his own safety was the sole proximate cause of the collision. We granted applications for interlocutory appeal filed by the town and Ogeechee. Because we agree with the appellants that they were entitled to summary judgment under OCGA § 32-6-51, we reverse.

1. In Case No. A03A0636, the town argues that it was entitled to summary judgment because Fortner failed to prove that any alleged vision-obstructing vegetation both constituted a traffic hazard and was unauthorized under OCGA § 32-6-51. Subsection (b) (3) of that statute provides that

> [i]t shall be unlawful for any person to erect, place, or maintain in a place or position visible from any public road any unauthorized sign, signal, device, or other structure which . . . [o]bstructs a clear view from any public road to any other portion of such public road, to intersecting or adjoining public roads, or to property abutting such public road in such a manner as to constitute a hazard to traffic on such roads.

This subsection applies to trees and other vegetation, in addition "to signs, structures, or constructed objects. The maintenance of such obstruction is negligence when it creates a traffic hazard and is unauthorized. However, if the statutory elements have not been met, then neither nuisance nor negligence arises under such Act. [Cit.]" *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. 521, 522 (1) (a) (529 SE2d 406) (2000). See also *United Refrigeration Svcs. v. Emmer*, 218

---

[1] The trial court granted summary judgment to the town on Fortner's claims of deficient signage and inadequate traffic control devices and to Ogeechee on Fortner's claims of deficient signage and negligent maintenance of the track.

Ga. App. 865, 866 (1) (463 SE2d 535) (1995). For purposes of OCGA § 32-6-51, a party asserting that a structure on private property is unauthorized must show that it was built "or maintained in violation of some statute, code, or local ordinance." *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70, 72 (1) (305 SE2d 805) (1983). See also *Williams v. Scruggs Co.*, 213 Ga. App. 470, 471 (1) (445 SE2d 287) (1994).

It is undisputed that the allegedly vision-obstructing vegetation was located on property owned by Ogeechee. Fortner admits as much in her appellate brief. Further, it is undisputed that Fortner failed to show that the vegetation was planted or maintained in violation of any "statute, code, or local ordinance." *Smith*, supra at 72. She therefore failed to show that the vegetation was "unauthorized" for purposes of imposing liability under OCGA § 32-6-51, and the town's motion for summary judgment should have been granted.

Citing OCGA § 32-6-1 and *Smith*, supra, the trial court found that Fortner had "submitted evidence that the vegetation extended onto the public right of way. Obstructions extending onto public rights of way are *per se* unauthorized. [Cits.]" The issues in this case are not controlled by OCGA § 32-6-1, however. That Code section provides in relevant part that "[i]t shall be unlawful for any person to obstruct, encroach upon, solicit the sale of any merchandise on, or injure materially any part of any *public road*." (Emphasis supplied.) OCGA § 32-6-1 (a). But as discussed above, liability for vision-obstructing objects on *private* property is controlled by OCGA § 32-6-51:

> Together OCGA §§ 32-6-1 and 32-6-51 . . . clearly make the erection and maintenance of a structure in a public right-of-way per se unauthorized as well as unlawful, and the structure may be removed as a public nuisance. But § 32-6-1 does not apply to structures which are on private property adjacent to public roads. Structures on private property adjoining road rights-of-way only become unlawful under § 32-6-51 if they obstruct a clear view of roads in such a manner as to constitute a traffic hazard, *and they are unauthorized*. There is no per se lack of authorization as obtains in structures placed in public road rights-of-way, and the party asserting that a structure placed on private property is unauthorized has the burden of establishing the fact of the assertion by showing that the structure was erected or maintained in violation of some statute, code, or local ordinance.

(Citations omitted.) *Smith*, supra at 71-72.

Fortner argues that the town could not avail itself of OCGA § 32-6-51, because the vegetation was located on "the railroad right of

way" and therefore was on Ogeechee's property. She contends that "OCGA § 32-6-51 does not apply where the obstructing vegetation is not on the property of the adjoining land owner" and therefore that she need not prove that the vegetation was unauthorized. In other words, she argues that OCGA § 32-6-51 is applicable only to landowners.

The language of OCGA § 32-6-51 (b) (3) is much broader than Fortner suggests. The language is not restricted to owners of the land on which an unauthorized structure is located. Instead, that subsection makes it unlawful for *"any person"* to erect or maintain in a position visible from any public road any unauthorized structure that constitutes a traffic hazard. (Emphasis supplied.) "In construing a statute, the cardinal rule is to glean the intent of the legislature. Language in one part of the statute must be construed in the light of the legislative intent as found in the statute as a whole." (Citations and punctuation omitted.) *Alford v. Public Svc. Comm.*, 262 Ga. 386, 387 (1) (a) (418 SE2d 13) (1992). Other portions of OCGA § 32-6-51 demonstrate that Fortner too narrowly limits its applicability to landowners only. Subsection (c) provides in part that if a structure violates subsection (b), appropriate officials can order removal of the structure by written notice *"to the owner of the structure or the owner of the land* on which the structure is located." (Emphasis supplied.) And if the structure is not removed within 30 days of the order, officials may remove the structure and submit an expense statement either "to the owner of the structure or to the owner of the land on which the structure is located." Id. Subsection (c), which explicitly references OCGA § 32-6-51 (b), demonstrates that the legislature intended OCGA § 32-6-51 (b) to apply to both landowners and owners of the allegedly offending structures. Obviously, as argued by the town, OCGA § 32-6-51 "differentiates between the owner of the structure and the owner of the land where the structure is located and recognizes that they do not have to be the same person for the purposes of the statute." The town was entitled to rely on OCGA § 32-6-51 and to prevail on its argument that Fortner failed to prove that the vegetation was unauthorized.

2. In Case No. A03A0637, Ogeechee similarly argues that summary judgment should have been granted under OCGA § 32-6-51. Again, as discussed above, a person or entity can be liable for the maintenance of vision-obstructing vegetation on private property when the vegetation causes a traffic hazard, is prohibited by statute, code, or ordinance, and therefore is unauthorized. *Howard*, supra at 522; *Smith*, supra at 72. And again, Fortner pointed to no evidence that the vegetation was unauthorized.

Fortner argues that OCGA § 32-6-51 does not control the issues here, contending that the statute "applies only to obstructions

located on private property and if the obstruction is located within . . . the railroad right of way, OCGA § 32-6-51 simply does not apply." But contrary to Fortner's implied argument that a railroad right-of-way is not private property, our Supreme Court has explicitly concluded otherwise:

> Railroad property is generally owned by stockholders, not taxpayers. Such property may be devoted to public use *but nevertheless remain private property. A railroad right of way is simply private property to which the public has a right of use.* Even when put to a public use, railroad property is primarily purchased and owned for the fundamental purpose of generating profit for the railroad.

(Emphasis supplied.) *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 133-134 (3) (c) (337 SE2d 327) (1985). The railroad right-of-way constituted private property, and OCGA § 32-6-51 bars Fortner's claim against Ogeechee. We note Fortner's argument that "[i]f a railroad cannot be held responsible for failing to maintain an unobstructed right of way, which is always its own property, then a railroad could totally fail to maintain reasonable visibility on its right of way and never be held liable." On the contrary, if a statute, ordinance, or Code section did make such vegetation unauthorized, the railroad could be liable, if it constituted a traffic hazard.

Fortner also argues that Ogeechee is liable under common law negligence principles, namely, that a railroad is under a common law duty "to maintain its right of way clear of obstructions." Again, we do not agree with Fortner. OCGA § 32-6-51 is part of the Georgia Code of Public Transportation (GCPT), OCGA § 32-1-1 et seq., which was enacted in 1973

> to revise, classify, consolidate and repeal other laws relating to all public roads and bridges, and to establish new laws relating thereto. Ga. L. 1973, p. 947. The purpose and legislative intent of the GCPT are further set out in OCGA § 32-1-2, as follows: to provide a code of statutes for the public roads and other transportation facilities of the state, the counties, and municipalities of Georgia. The legislative intent is to provide an effective legal basis for the organization, administration, and operation of an efficient, modern system of public roads and other modes of transportation.

(Citation and punctuation omitted.) *Evans Timber Co. v. Central of Ga. R. Co.*, 239 Ga. App. 262, 263 (1) (519 SE2d 706) (1999). See also *Kitchen v. CSX Transp.*, 265 Ga. 206, 207 (1) (453 SE2d 712) (1995).

The broad scope of the GCPT encompasses "any transportation facility . . . including but not limited to railroads." OCGA § 32-1-3 (18).

In *Evans*, this court discussed OCGA § 32-6-200, which addresses the installation of protective devices at railroad crossings, and concluded that "[t]he GCPT precludes a common-law cause of action against a railroad for the failure to install adequate protective devices at a grade crossing on a public road where the railroad has not been requested to do so by the appropriate governmental entity. [Cit.]" Id. at 266. We further noted, however, that

> a railroad is not free from liability as a matter of law. The legislature has simply provided that a railroad cannot be liable for the failure to install a protective device on a public grade crossing where the railroad has not been requested to do so. A railroad may still be liable for other negligent conduct, such as the failure to maintain a working crossing arm or obstructing vision at a crossing.

Id. at 267. A railroad can therefore certainly be liable under common law negligence principles for activities or negligence not covered by the GCPT or "other negligent conduct [by the railroad]." Id. In *Wall v. Southern R. Co.*, 196 Ga. App. 483-485 (1) (396 SE2d 266) (1990), for example, this court concluded that the railroad could be liable for "other conduct," *Evans*, supra at 266, "[t]he maintaining of cars on sidetracks so as to obstruct the view of persons entering the crossing." (Citation omitted.) Id.

Here, however, the failure to maintain the railroad right-of-way, which constitutes private property, is addressed by the GCPT, particularly OCGA § 32-6-51. Just as the private property owner's liability in *Evans* was governed by the GCPT, Ogeechee's liability is controlled by OCGA § 32-6-51. Fortner did not show that the vegetation violated any statutory provision, and she is therefore barred from recovery against Ogeechee. The trial court erred in failing to grant the motions for summary judgment filed by the town and Ogeechee, and we reverse. We need not reach the appellants' remaining enumerations of error.

*Judgments reversed. Ruffin, P. J., and Miller, J., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Fortner argues that this court misconstrued and misapplied OCGA § 32-6-51, *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70 (305 SE2d 805) (1983), and *Williams v. Scruggs Co.*, 213 Ga. App. 470 (445 SE2d 287) (1994). We disagree.

Fortner argues that "[i]n order to apply OCGA § 32-6-51 to a railroad track the Court in *Williams* said you treat the railroad just as if

it were a public road." This is incorrect. In *Williams*, this court considered the issue of "a private property owner's liability for permitting allegedly vision-obstructing objects to exist on property abutting a railroad crossing." Id. at 471 (1). Relying on *Smith* and considering the nature of the property on which the obstruction stood, we concluded that whether the material abutted the intersection of two public roads or whether it abutted the intersection of a railroad track and a public road, if the material was on private property, it was unlawful only if it was unauthorized. We did not, as Fortner contends, declare that a railroad track constituted a public road. Such a conclusion would be contrary to well-established law. See, e.g., *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 133-134 (3) (c) (337 SE2d 327) (1985) (railroad right-of-way remains private property); OCGA § 32-1-3 (11), (24) (H) ("public road" includes only railroad grade crossing).

Ogeechee's right-of-way constituted private property. Consequently, OCGA § 32-6-51 applies to the facts of this case and forbids only the maintenance of any *unauthorized* structure that obstructs a clear view of property abutting the public road so as to constitute a traffic hazard. Id. Fortner made no showing that the allegedly vision-obstructing vegetation located on Ogeechee's private property was unauthorized. Under OCGA § 32-6-51 (b) (3), as well as *Williams*, supra, and *Smith*, supra, the town and Ogeechee were entitled to summary judgment.

*Motion for reconsideration denied.*

DECIDED JULY 10, 2003 —
RECONSIDERATION DENIED JULY 25, 2003 — 

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant (case no. A03A0636).

*Casey, Gilson & Leibel, Matthew D. Williams, Robert S. McEvoy*, for appellant (case no. A03A0637).

*Smith & Jenkins, Wilson R. Smith, Robert L. Jenkins, Mark F. Dehler, Michael E. Perez*, for appellee.