A01A0935. STEBBINS v. GEORGIA POWER COMPANY.
(555 SE2d 906)

ANDREWS, Presiding Judge.

Gail Duffie Stebbins, as guardian for her mother Eleanor Duffie, appeals from the trial court's order granting summary judgment to Georgia Power Company. Stebbins sued Georgia Power to recover $11,163.03 paid out of her mother's account with allegedly forged checks. The checks were used to pay the electric bills of two companies, Duffers Golf & Games and Carousel Child Care.

Stebbins claimed that Georgia Power wrongfully refused to return the $11,163.03 because it should have known her mother's signature was forged and should have realized that something was wrong when checks from her mother's account were used to pay the electric bills of two companies which were seriously in arrears.

Georgia Power filed a motion for summary judgment, raising the defense that it took the checks as a holder in due course and, therefore, Stebbins could not recover on her claim for the money credited to the accounts. The trial court granted the motion, and we affirm.

This case arose when Georgia Power received a check in August 1997, drawn on Duffie's account, for $6,071. The check was received in payment for Duffers Golf & Games's power bill. It received another check in October 1997, for $5,091, to pay the electric bill of Carousel Child Care.

Stebbins, Duffie's daughter, was appointed legal guardian for her mother in January 1998. In April 1999, Stebbins filed the instant complaint alleging that the checks were forged and Georgia Power wrongfully refused to return the $11,163.03.

Summary judgment is proper when there is no genuine issue of

material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

We note first of all that Stebbins has attached as an exhibit to her brief on appeal a portion of her deposition. The deposition does not appear in the record. "Exhibits contained in an appellate brief which do not appear in the record or transcript cannot be considered by this court and afford no basis for reversal." *Strickland v. American Motorists Ins. Co.,* 149 Ga. App. 690, 691 (256 SE2d 92) (1979).

1. Georgia Power took the checks as a holder in due course. OCGA § 11-3-302 provides in pertinent part that a holder in due course is the holder of any instrument if:

> (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and (2) The holder took the instrument: (i) For value; (ii) In good faith; (iii) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series; (iv) Without notice that the instrument contains an unauthorized signature or has been altered; (v) Without notice of any claim to the instrument described in Code Section 11-3-306; and (vi) Without notice that any party has a defense or claim in recoupment described in subsection (a) of Code Section 11-3-305.

"A payee may be a holder in due course, provided that it meets the requirements set out in the statute." *Fedeli v. UAP/Ga. Ag. Chem.,* 237 Ga. App. 337, 343 (3) (514 SE2d 684) (1999).[1] Accordingly, we analyze each of the applicable requirements in turn.

(a) *Apparent evidence of forgery.* Stebbins argues that Georgia Power should have been familiar with her mother's signature

---

[1] Although *Fedeli* was decided before the effective date of the 1996 amendments to Article 3 of the Uniform Commercial Code, it is still good law. OCGA § 11-3-302 (2), prior to its revision in 1996, specifically provided that a payee may be a holder in due course. In 1996, the General Assembly struck Article 3 of the UCC in its entirety and enacted revised Article 3. See Ga. L. 1996, p. 1306, § 4. Under this new Article, effective July 1, 1996, OCGA § 11-3-302 no longer specifically provides that a payee may be a holder in due course. The reason for the omission was not to change the law, but because the provision was surplusage and could be misleading. The drafters of the revision determined that it was "no longer necessary to spell out the common-law rule that a payee could be a holder in due course." 2 White & Summers, Uniform Commercial Code (4th ed. 1995), § 17-8, p. 177.

because she had been writing checks to Georgia Power for many years. But she submits no evidence in support of this contention, nor does she cite to any authority. In support of its motion for summary judgment, Georgia Power submitted the affidavit of Carrie Williams, a customer service representative for Georgia Power. She states in the affidavit that she has reviewed the records of the two companies and the copies of the checks used to pay their power bills. She states that there was no apparent evidence of forgery or alteration which would call into question the checks' authenticity.

The burden of production then shifted to Stebbins to come forward with some evidence of apparent forgery. She has not done so. Moreover, the copies of the checks submitted with the record on appeal are illegible. Even if the signature were clearly legible, there is no evidence in the record of the true signature of Duffie for purposes of comparison.

(b) *For value.* It is undisputed that Georgia Power took the checks as payment for amounts due on the companies' accounts with Georgia Power. Accordingly, it took the checks for value. OCGA § 11-3-303.

(c) *In good faith.* Under the UCC definition, " '[g]ood faith' means honesty in fact and the observance of reasonable commercial standards of fair dealing." OCGA § 11-3-103 (a) (4). Stebbins claims that Georgia Power should have been on notice that something was wrong when it received large checks, purportedly signed by Duffie, paying the electric bills of companies whose accounts were in arrears.

Williams stated in her affidavit that the checks were received in the ordinary course of business without notice of any irregularity, were accepted in good faith, and credited accordingly to the accounts indicated.

Once Georgia Power submitted this evidence to the court, the burden again shifted to Stebbins to point to specific evidence giving rise to a triable issue. *Coastal Plains Trucking Co. v. Thomas County Fed. Sav. &c. Assn.*, 224 Ga. App. 885, 889 (482 SE2d 493) (1997).

> In a summary judgment analysis, once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of [her] pleadings, but [her] response, by affidavits or as otherwise provided in OCGA § 9-11-56, must set forth specific facts showing that there is a genuine issue for trial.

*Smalls v. Walker*, 243 Ga. App. 453, 457 (2) (532 SE2d 420) (2000). In

this case, Stebbins has failed to come forward with any evidence in support of her allegations. Accordingly, the trial court did not err in granting Georgia Power's motion for summary judgment.

2. Georgia Power having successfully raised the defense that it was a holder in due course of the checks, Stebbins is not entitled to recover from Georgia Power on her claim. See OCGA § 11-3-306.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED NOVEMBER 2, 2001 — 

*Warlick, Tritt & Stebbins, Charles C. Stebbins III, Gail D. Stebbins*, for appellant.

*Glover & Blount, Percy J. Blount*, for appellee.