S06A0545. BLACK et al. v. FLOYD et al.

(630 SE2d 382)

CARLEY, Justice.

The issue presented in this case is whether certain tidal marshlands are publicly or privately owned. H. Russell Black and Josie Black (Appellants) claim title to the property which lies along Sterling Creek, a tidal waterway and an arm of the sea. They base their claim on two Crown grants which were made to Sir James Sterling in 1761. R. Douglas Floyd, Thomas Garrett and Tami Garrett (Appellees) own the property adjoining the marshlands, which they maintain are owned by the State of Georgia.

Appellees filed a declaratory judgment action, seeking to establish title in the State of Georgia. Appellants answered, and successfully moved to add the State of Georgia as a necessary party. After discovery, the parties filed cross-motions for summary judgment. The trial court denied Appellants' motion, and granted summary judgment in favor of Appellees and the State of Georgia. Appellants bring this appeal from that order.

1. Appellants suggest that the navigability of tidewaters is a factor in determining their ownership. However,

> [t]he State of Georgia continues to hold title to the beds of *all* tidewaters within the state, except where title in a private party can be traced to a valid Crown or state grant which explicitly conveyed the beds of such tidewaters. (Emphasis supplied.)

OCGA § 52-1-2. The definition of "tidewaters" includes

> the sea and all rivers and arms of the sea that are affected by the tide, where the tide rises and falls, which are capable of use for fishing, passage, navigation, commerce, or transportation, and which are located within the jurisdiction of the State of Georgia.

OCGA § 52-1-3 (4). There is no dispute that Sterling Creek is a tidal waterway and an arm of the sea. At common law, the beds of tidewaters were deemed to extend to the high water mark. Thus, "[t]he soil between high-water mark and low-water mark was the property of the crown." *Johnson v. State*, 114 Ga. 790, 791 (40 SE 807) (1902). "As a result, the [S]tate [of Georgia] owns the [tide]water[s] bottoms up to the high water mark," unless, pursuant to OCGA § 52-1-2, a private party can trace his or her title back to an explicit conveyance thereof by a valid Crown or state grant. *Dorroh v. McCarthy*, 265 Ga. 750, 751 (2) (462 SE2d 708) (1995).

In claiming title, Appellants rely on the two Crown grants, which must be "construed strictly against [them] and nothing . . . taken by implication. [Cits.]" *State of Ga. v. Ashmore*, 236 Ga. 401, 413 (III) (224 SE2d 334) (1976). To establish private ownership of the marsh-lands, those two documents must be shown to contain an explicit conveyance of the bed of Sterling Creek. The trial court found that the certified copies of the Crown grants submitted by Appellants were "indecipherable and that consequently they cannot in any way be interpreted as conveying marshland." Our own review of the copies confirms the trial court's characterization of them, in that they are almost completely illegible. Such documents are not entitled to evidentiary consideration. See *Stebbins v. Ga. Power Co.*, 252 Ga. App. 261, 263 (1) (a) (555 SE2d 906) (2001); *Prater v. American Protection Ins. Co.*, 145 Ga. App. 853, 857 (2) (224 SE2d 925) (1978); *Kelley v. General Motors Acceptance Corp.*, 145 Ga. App. 739 (1) (244 SE2d 911) (1978); *LaCount v. United Ins. Co. of America*, 138 Ga. App. 476, 477 (1) (226 SE2d 307) (1976); *United Ins. Co. of America v. Hadden*, 126 Ga. App. 362, 364 (2) (190 SE2d 638) (1972). Compare *Allgood Farm v. Johnson*, 275 Ga. 297, 299 (1) (a), fn. 5 (565 SE2d 471) (2002).

Appellants contend that, if the two Crown grants were "indecipherable," the trial court should have given them an opportunity to introduce witnesses who would support their contention that the documents contain an explicit grant of the bed of Sterling Creek. However, the near total illegibility of the grants is apparent on their faces. Therefore, if Appellants had any additional evidence or testimony to support their claim of title, they should have produced it at the hearing on the cross-motions for summary judgment. "[I]t is the duty of each party at the hearing on the motion for summary judgment to present his case in full. [Cits.]" *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974). Moreover, even assuming that the Crown grants did contain the language which Appellants ascribe to them, they nevertheless would be insufficient to support their claim of title. A mere general reference to the requirement that Sir Sterling, as the grantee, clear and drain three acres of

swamp, sunken grounds or marsh "if any such contain herein" is not an explicit conveyance to him of the beds of Sterling Creek such as would show a clear intent on the part of the Crown to part with ownership thereof. Royal grants are "construed strictly; and it will not be presumed, that [the sovereign] intended to part from any portion of the public domain, unless clear and especial words are used to denote it." *Martin v. Waddell*, 41 U. S. (16 Pet.) 367, 411 (10 LE 997) (1842).

> [W]e understand it to be now solemnly settled, that the grantee in such a case as this, can take nothing by implication. [Cits.] And further, that the rule which requires the grant to be taken most strongly against the grantor, does not apply. . . . But that on the contrary, any ambiguity in the terms . . . shall operate against the grantees; and that grants of exclusive privileges to corporations or individuals are to be strictly construed. And that if the terms of the contract are doubtful, the doubt must enure to the benefit of the public. [Cits.]

*McLeod v. The Savannah, Albany and Gulf R. Co.*, 25 Ga. 445, 457 (1858), cited with approval, *State of Ga. v. Ashmore*, supra. As the trial court observed, Appellants did not

> identify any language of conveyance or other evidence sufficient to meet this standard. The record is insufficient to show a conveyance of *any* tidal lands (much less these same tidal lands) by Crown grant to a predecessor in title. In light of the foregoing, it is clear that to the extent that [Appellants] have explained the Sterling grant[s], the grant[s] fail[ ] as . . . conveyance[s] of marshland. (Emphasis in original.)

Accordingly, the trial court correctly denied their motion for summary judgment and granted summary judgment in favor of Appellees and the State of Georgia.

2. Remaining enumerations of error, which relate to alternative grounds cited by the trial court in support of its ruling, are moot.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2006.

*Ray C. Smith*, for appellants.

*Murray & Harvey, John D. Harvey, James A. Chamberlin, Jr., Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General,* for appellees.