A07A1515. GAY et al. v. REDLAND BAPTIST CHURCH.
(653 SE2d 779)

MIKELL, Judge.

Sharon Gay was killed as a result of a vehicular collision that occurred on November 11, 2001, at approximately 6:37 p.m. at the intersection of Rocky Ford Road and Ousley Road in Lowndes County. Gregory Allen Gay, individually and as administrator of Mrs. Gay's estate, filed a wrongful death action against Christopher Michael Andrejcak, the driver of the vehicle which collided with Mrs. Gay's car; Redland Baptist Church, which is located at the southeast corner of the intersection where the collision occurred; three unknown "John Doe" defendants, who allegedly were parked on the side of the road and obscuring the view of oncoming motorists; and the Lowndes County Board of Commissioners. The complaint alleges that the Church breached its duties to provide sufficient parking for its parishioners and to prohibit them from parking their vehicles on the roadway so as to obstruct the line of sight of motorists traveling through the intersection. The Church moved for summary judgment, and the trial court granted the motion. Because Gay has failed to

produce evidence showing that any act or omission of the Church was a contributing cause of the collision, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case.[1]

"It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages."[2] On the issue of causation, "[a] plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough."[3]

The only direct evidence in the record before us as to the cause of the collision is Andrejcak's deposition. Andrejcak deposed that he was traveling north on Rocky Ford Road when he saw Mrs. Gay's car approach the stop sign on Ousley Road. Although Andrejcak saw her brake lights illuminated, he testified that Gay "rolled through the stop sign" into his lane. Andrejcak applied his brakes and swerved left in an attempt to avoid the collision, but at the same time, Gay "hit the gas," proceeding into his path. Andrejcak's car struck her vehicle. Andrejcak deposed that the speed limit on Rocky Ford Road was 55 mph, and although he could not remember how fast he was driving, he testified that on rural roads such as Rocky Ford, he "usually"

---

[1] (Punctuation omitted.) *Jackson v. City of Hahira*, 244 Ga. App. 322-323 (535 SE2d 327) (2000), citing *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] (Citation and punctuation omitted.) *Purvis v. Steve*, 284 Ga. App. 116, 117-118 (1) (643 SE2d 380) (2007).

[3] (Citation and punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 902-903 (2) (499 SE2d 365) (1998).

drives about 70 mph. According to the complaint, Mrs. Gay's vehicle was thrust into a light pole after impact.

Gay argues that a question of material fact exists as to whether the Church's parishioners were parked on the southeast corner of the intersection at the time of the collision and whether such vehicles obstructed Mrs. Gay's view of northbound traffic on Rocky Ford Road. Gay has not produced evidence to support the assertion that Mrs. Gay's view was obstructed. One Church member, Mrs. Gena Shiver, testified that services begin at 7:00 p.m. on Sunday; that she arrives at 6:00 p.m. for youth choir practice, but the young people do not arrive until 6:30 or 7:00; that when the parking lot was full, members would park across the street from the Church; that at the time of the collision, there would not have been many people there just for choir practice; and that she could not recollect whether any vehicles were parked across the street on that evening. Mrs. Shiver did testify that three young men normally parked there every Sunday, but two of them were not there that day. The third was Gregory Allen Gay II, who is the plaintiff's son and the decedent's stepson. Gay II, who lives with his mother, testified that he was attending choir practice when the collision occurred. He also testified that his mother dropped him off around 5:30 or 6:00, and at that time, he saw two cars in a cleared area near the intersection, parked up a little hill. Gay II did not pay attention to the cars and did not know whether they belonged to Church members.

Gilbert M. Brantley, a retired state trooper who lives near the Church, was leading adult choir practice when the accident happened. Brantley, who serves on the building committee, testified that the Church leased property for parking and that members were encouraged to park there. He testified that he did not know anyone who regularly parked on the side of the road in question, and that the space was used by logging trucks and other vehicles.

Andrejcak testified that he had traveled that road numerous times, both during the day and at night; that he had never experienced problems with vehicles in the roadway; that as he approached the intersection on the evening of the wreck, he believed he saw two or three cars parked in the ditch; that he did not know where the cars were parked in relation to the stop sign, but "they weren't close enough to the road that they caused me any worry." Andrejcak testified that the vehicles did not "in any way" prevent him from seeing Mrs. Gay or the intersection. Andrejcak deposed that he was able to see Mrs. Gay drive up to the stop sign, slow down but not stop, then stop partly in his lane, so that the back of her car was still on Ousley Road, at which point he swerved to the left to try and drive in front of her. Then, when he was ten feet away, she accelerated, and he hit her car. Andrejcak testified that the only difficulty with the

intersection is that it is shaped in the form of an "X," and there are trees which make it difficult to see around the corner. Andrejcak was certain that the cars parked off of the side of the road had nothing to do with the collision.

Even assuming arguendo, as Gay urges, that the Church breached a duty owed to Mrs. Gay by failing to discourage its parishioners from parking near the roadway,[4] and even assuming further that the cars parked on the road belonged to churchgoers, the Church presented evidence that the acts and omissions of Mrs. Gay and Andrejcak combined to cause the collision.[5] The burden then shifted to Gay to come forward with some evidence that the cars parked on the side of the road constituted a concurrent causative factor in the collision.[6] Gay did not do so. It is clear from the testimony of Andrejcak and Gay II that there were, at most, two to three cars parked off the side of the roadway in some type of clearing and that those cars did not obstruct Andrejcak's vision. The record is entirely devoid of evidence that any cars parked in that manner obscured Mrs. Gay's view of the intersection or of Andrejcak's vehicle.[7] Even if the cars had caused some obstruction of vision, "there existed an absence of any competent evidence that any possible [vehicular] obstruction in visibility did, in fact, cause or contribute to the collision."[8] Accordingly, Gay has failed to raise an issue of fact on the element of causation. The trial court correctly granted summary judgment to the Church.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 24, 2007.

*Carl G. Fulp III*, for appellants.

*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., Alexander & Vann, Raleigh W. Rollins, William A. Turner, Jr.*, for appellee.

---

[4] Gay alleges that the Church owed a duty to the decedent pursuant to OCGA §§ 51-3-1, 32-6-51, and 51-1-2. We do not reach this issue.

[5] The issue of the negligence, if any, of the Lowndes County Board of Commissioners is not before us, and we express no opinion thereon.

[6] *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. 521, 523 (1) (c) (529 SE2d 406) (2000).

[7] See, e.g., *McQuaig v. Tarrant*, 269 Ga. App. 236, 239 (603 SE2d 751) (2004) (summary judgment to defendant affirmed where no dispute that, once other driver drove into intersection, collision with defendant's car became inevitable).

[8] (Citations omitted.) *Howard*, supra (although shrubbery may have obstructed motorists' view of oncoming traffic, driver's negligence was sole proximate cause of collision; summary judgment affirmed for owner of property and its landscaping service). Accord *Nelson v. Silver Dollar City*, 249 Ga. App. 139, 144 (3) (547 SE2d 630) (2001) (same).