A09A0150. HENDERSON v. SARGENT.
A09A0151. HENDERSON v. SARGENT et al.
(677 SE2d 709)

JOHNSON, Presiding Judge.

Robert Henderson sued Peter Sargent, Jenna Sargent, and Patricia Lincoln after he allegedly was injured as a result of receiving delayed medical care and being moved by Mr. Sargent after falling from a ladder. The trial court granted summary judgment in favor of each of the defendants, finding that Mr. Sargent was protected by the Georgia Good Samaritan Law[1] and that Henderson failed to establish a genuine issue of material fact as to whether Ms. Sargent and Lincoln were vicariously liable for Mr. Sargent's actions. In Case No.

---

A09A0150, Henderson appeals the trial court's grant of summary judgment in favor of Mr. Sargent, and in Case No. A09A0151, Henderson appeals the trial court's grant of summary judgment in favor of Ms. Sargent and Lincoln. For the reasons discussed below, we find that summary judgment was properly granted in favor of each of the defendants and affirm in both cases.

We review the trial court's decision on a motion for summary judgment de novo, construing the evidence in the light most favorable to the nonmovant.[2] So viewed, the record shows that on June 16, 2005, Mr. Sargent hired his friend, Henderson, to trim three trees on the property where he resided. The property was owned by Ms. Sargent, who is Mr. Sargent's daughter, and her friend Lincoln.

Henderson cut the limbs on the first two trees using the pole saw that Ms. Sargent had provided, but he found that he could not reach all the limbs on the third tree with the pole saw. Henderson used an extension ladder to help him reach these limbs. However, as he was cutting one of the limbs, it fell onto the ladder and knocked him to the ground.

Henderson, who had fallen on his right side, attempted to stand but was unable to do so. After trying to pull himself up onto his knees, Henderson turned his body over, lay down on his back, and yelled out for Mr. Sargent to call 911. Mr. Sargent came out of the house, but he did not call for an ambulance. Instead, he drove his John Deere all-terrain utility vehicle to where Henderson was lying and helped Henderson into the vehicle. Mr. Sargent, who was 82 years old and taking medication to treat his Alzheimer's disease, then drove Henderson across the street to the home of his girlfriend, Kathleen Hooper. Hooper got into the all-terrain vehicle with Henderson, and Mr. Sargent drove them back to his house. Mr. Sargent parked the all-terrain vehicle next to his car, helped Henderson into the back seat, and drove to a medical clinic. After Henderson was denied treatment at the clinic, Mr. Sargent drove Henderson and Hooper to Hooper's sister's house, and one of them summoned an ambulance to take Henderson to the hospital.

### Case No. A09A0150

Henderson claims that Mr. Sargent was negligent in failing to promptly call 911 and instead repeatedly moving and transporting him to different locations prior to calling for an ambulance. Henderson asserts that Mr. Sargent is not immune from suit pursuant to the Georgia Good Samaritan Law because he did not act in good faith or provide "emergency care" as required by OCGA § 51-1-29. We

---

[2] *Willingham v. Hudson*, 274 Ga. App. 200, 201 (1) (617 SE2d 192) (2005).

need not consider these arguments, however, because Henderson has failed to raise a genuine issue of material fact as to whether his injuries were caused by any negligence on the part of Mr. Sargent.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law.[3] A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case.[4] If the moving party discharges this burden, the nonmoving party cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue.[5]

Mr. Sargent claims, as he did below, that Henderson has failed to come forward with any evidence indicating that his actions were the proximate cause of Henderson's injuries. On the issue of causation, "a plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough."[6]

In response to Mr. Sargent's claims regarding causation, Henderson admitted that he does not know of any evidence suggesting that his injuries were caused by Mr. Sargent's actions following the fall rather than by the fall itself. In fact, Henderson testified that the pain he experiences in his legs and hands has existed since the moment he hit the ground. Accordingly, Henderson has failed to raise an issue of fact on the element of causation, and the trial court properly granted summary judgment to Mr. Sargent.[7]

### Case No. A09A0151

Henderson also claims that Ms. Sargent and Lincoln negligently entrusted Mr. Sargent to interact with him regarding the trimming of the trees and were vicariously liable for Mr. Sargent's negligence. However, given that Henderson has failed to raise an issue of fact as to whether any negligence committed by Mr. Sargent proximately caused his injuries, the trial court also properly granted summary judgment in favor of Ms. Sargent and Lincoln.[8]

---

[3] OCGA § 9-11-56 (c).

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[5] OCGA § 9-11-56 (e).

[6] *Gay v. Redland Baptist Church*, 288 Ga. App. 28, 29 (653 SE2d 779) (2007); *Beasley v. Northside Hosp.*, 289 Ga. App. 685, 690 (658 SE2d 233) (2008).

[7] *Gay*, supra; *Beasley*, supra; see also *Harvey v. Nichols*, 260 Ga. App. 187, 194 (2) (581 SE2d 272) (2003) (a trial court's grant of a motion for summary judgment will be affirmed if it is right for any reason).

[8] See *Schofield v. Hertz Corp.*, 201 Ga. App. 830, 831 (1) (412 SE2d 853) (1991) ("the

*Judgment affirmed in both cases. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009 

*Hilley & Frieder, Ronald L. Hilley, Mia I. Frieder*, for appellant.
*Hawkins & Parnell, Martin A. Levinson, William H. Major III, Downey & Cleveland, Rodney S. Shockley, Joseph C. Parker, Mary E. Priest*, for appellee.

---

entrustor's negligence must concur with the [entrustee's] negligence to proximately cause damage to the plaintiff").