### A09A2079. KECSKES v. CITY OF MOUNT ZION et al.

(685 SE2d 329)

ELLINGTON, Judge.

In this personal injury action, plaintiff William Kecskes appeals from the Superior Court of Carroll County's grant of summary judgment in favor of the Carroll Electric Membership Corporation and the city of Mount Zion. Kecskes contends that, in reaching its decision, the trial court misapplied certain statutes and erred in admitting expert opinion testimony. Finding no error, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-665 (595 SE2d 353) (2004). So viewed, the record shows the following undisputed facts.

At approximately 6:00 a.m. on September 15, 2006, Kecskes was traveling northbound on Beaver Pond Road, a two-laned, paved, "country road" at least partially located within the city limits of Mount Zion. Kecskes was driving to a doctor's appointment at the Veterans Administration Hospital. It was still dark, and the weather was clear and dry. Kecskes had driven the same route along Beaver Pond Road at least eight to ten times prior to the accident and knew that the road had many curves, some of them very sharp, yet he had never driven off the road or had an accident. As Kecskes approached a curve in the road, he failed to negotiate the curve and drove onto the shoulder of the road, then hit a utility pole located at least nine feet ten inches from the road. Kecskes was seriously injured, was transported to a local hospital by ambulance, and received extensive

treatment for his injuries.

According to Kecskes' medical records, he told four physicians who were treating him for injuries he sustained in the accident that, just before the accident, he had experienced chest pains and had picked up his cell phone to call for emergency assistance. In so doing, he lost control of his car and drove off the road, hitting a utility pole. During his deposition, Kecskes repeatedly and adamantly asserted that he did not remember anything that happened during the period just before the accident until days later, while he was recuperating in the hospital. He also admitted that, as a result, he did not know whether he had made the above statements to the physicians and could not admit or deny whether the statements regarding the cause of the accident were true.

The record also contains a transcript of a recorded statement Kecskes gave to an insurance adjuster one week after the accident. In the statement, Kecskes gave accurate information regarding his address, phone number, date of birth, Social Security number, date and time of the accident, and other details.[1] He then told the adjuster that, "as I was proceeding north on Beaver Pond at the point where the road takes a very sharp 90 degree left turn, my vehicle left the road. *I was distracted* and right there within feet from the road there was a utility pole and the vehicle struck it head on." (Emphasis supplied.) When asked what speed he was traveling, Kecskes responded, "I don't know, just, I'll be honest, I don't know," but then added that it was "[j]ust [a] cautious safe speed."

During his deposition, Kecskes stated that he "didn't have sufficient time to negotiate or navigate that turn, that sharp turn in the dark." According to Kecskes, once his car ran off the road, "there was insufficient time to make any corrections" before he hit the pole. Kecskes admitted that no animal or other car caused him to drive off the road. He also admitted during his deposition and the motion for summary judgment hearing that, if his car had negotiated the curve and remained on the road, he would not have hit the pole.

Finally, the police officer who investigated the accident stated in an affidavit that he had examined the damage to Kecskes' car, the scene of the accident, and the curve of the road and had noted the absence of any skid marks or other evidence suggesting the involvement of any animal, person, or vehicle in causing the accident. Because he found no evidence to indicate anything else that could have caused this accident, it was his opinion that Kecskes was

---

[1] During his deposition, Kecskes attempted to challenge the accuracy of his statements to the adjuster, asserting that, at the time of the interview, he was under the influence of morphine.

driving too fast for the conditions existing at the time, with darkness being the condition at issue.

1. Kecskes contends the trial court erred in granting the defendants' motions for summary judgment, arguing that a jury question remains on the issue of whether the defendants were negligent in placing the utility pole too close to the road and whether such negligence caused his injuries and the damage to his vehicle. We disagree.

> It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages. On the issue of causation, a plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.

(Punctuation and footnotes omitted.) *Gay v. Redland Baptist Church*, 288 Ga. App. 28, 29 (653 SE2d 779) (2007). See also *Henderson v. Sargent*, 297 Ga. App. 504, 506 (677 SE2d 709) (2009) (accord). In addition, if the defendants present evidence that the acts or omissions of the plaintiff were the sole proximate cause of his or her damages, the burden then shifts to the plaintiff to create an issue of fact by coming forward with some evidence to show that the defendants' negligence was, at least, a concurrent cause of the damages. *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. 521, 523 (1) (c) (529 SE2d 406) (2000).

(a) Kecskes contends that the court erred in granting summary judgment to the defendants because there is conflicting evidence on the issue of whether his actions were the sole proximate cause of the accident. The only evidence to which he cites in support of this argument is "an Affidavit, dated February 25, 2009, from the Carroll County 911 Center." There is no such affidavit in the record, however. "It is the duty of the party asserting error to show it by the record; mere assertions of error in briefs cannot satisfy this duty." (Citation and punctuation omitted.) *Haughton v. Canning*, 287 Ga. App. 28, 29 (2) (650 SE2d 718) (2007). Thus, there is nothing for this Court to review on this issue, and this contention must fail.

(b) Kecskes also contends that the defendants were negligent and liable for his injuries based upon his allegation that the utility pole was placed too close to the road, in violation of the 1988 Georgia Department of Transportation Utility Accommodation Policy Standards and Design Policy Manual. That document is not in the record, however, nor does the record show that Kecskes tendered the document into

evidence in the court below. Therefore, there is nothing for this Court to review. *Haughton v. Canning*, 287 Ga. App. at 29 (2).

Further, in his reply brief, Kecskes offers another argument in support of this enumerated error, referring to a letter that he claims he gave to the trial court after the hearing on the motion for summary judgment. The letter is not in the record, however, so there is nothing for this Court to review. *Haughton v. Canning*, 287 Ga. App. at 29 (2).

(c) Given the evidence of Kecskes' statements to his treating physicians shortly after the accident, Kecskes' lack of evidence to contradict those statements due to his inability to remember the period just before the accident, Kecskes' admission that, had his car remained on the road, he would not have hit the pole, and the other evidence presented, we conclude that the defendants have carried their burden of showing that Kecskes' own negligence was the sole proximate cause of the accident and that Kecskes has failed to demonstrate that a material issue of fact remains on this issue that requires resolution by a jury. Therefore, the trial court did not err in granting the defendants' motions for summary judgment on Kecskes' claim. See *Ga. Power Co. v. Zimmerman*, 133 Ga. App. 786, 787-788 (213 SE2d 12) (1975) (holding that "there can be no liability for alleged negligent pole placement as long as the municipality has approved and so long as the pole does not interfere with the ordinary use of the public highway") (citation omitted); see also *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. at 523-524 (1) (c) (finding that the trial court did not err in granting summary judgment to the defendant property owner and its landscaper, who had allegedly allowed roadside vegetation to grow so that it obstructed motorists' views, because the plain, palpable, and undisputed evidence showed that the active negligence of another defendant, the driver whose truck collided with the plaintiff's car, constituted the sole proximate cause of the collision).

2. Kecskes contends the trial court erred in considering the affidavit of the investigating police officer. He argues that the officer's affidavit was inadmissible under OCGA § 24-9-67.1, which addresses the admissibility of expert opinion testimony. As noted above, in the affidavit, the officer opined that, based upon his investigation of the accident, Kecskes was driving too fast for the conditions at the time of the accident. Pretermitting whether the court erred in considering the officer's opinion, there was no harm to Kecskes given the other, undisputed evidence on the same issue, including the officer's statements that he observed no skid marks at the scene and no evidence that an animal, person, or vehicle had caused Kecskes to run off the road; Kecskes' statements to the physicians that he lost control of the vehicle while using a cell phone;

and Kecskes' own admissions that he did not know how fast he was driving before he drove off the road, that he "didn't have sufficient time to negotiate or navigate that turn, that sharp turn in the dark," and that, once his car ran off the road, "there was insufficient time to make any corrections" before he hit the pole. Accordingly, the officer's opinion that Kecskes was driving too fast for conditions was merely cumulative of other admissible evidence. *In the Interest of A. C. O.*, 269 Ga. App. 667, 672 (2) (605 SE2d 77) (2004) ("evidence which is cumulative of other legally admissible evidence of the same fact[ ] renders harmless admission of incompetent evidence") (citation and punctuation omitted). Kecskes has failed to establish any reversible error.

3. Kecskes contends the trial court misapplied the statutory requirements of OCGA § 36-33-1 (b). Under that statute, "[m]unicipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." Kecskes argues that a jury issue remains as to whether the city of Mount Zion is immune from civil liability for his injuries. This issue is moot, however, because, as shown in Division 1, supra, Kecskes has failed to raise a genuine issue of material fact as to whether his injuries were caused by any negligence on the part of the city. *Henderson v. Sargent*, 297 Ga. App. at 505-506.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 25, 2009 —
RECONSIDERATION DENIED OCTOBER 7, 2009 —

William M. Kecskes, *pro se.*
*Tisinger & Vance, Richard G. Tisinger, Jr., Martenson, Hasbrouck & Simon, Edward A. Miller*, for appellees.