**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 18, 2014**

# In the Court of Appeals of Georgia

A13A1836. SWANSTROM, et al. v. WELLS FARGO BANK.

BOGGS, Judge.

Dexter Swanstrom, Jr. and D&S Auto Air & Transmission, Inc. f/n/a D&S Auto Air & Radiators, Inc. appeal from the trial court's grant of summary judgment in favor of Wells Fargo Bank on a business line of credit. They assert that genuine issues of fact exist as to whether (1) D&S Auto Air & Transmission, Inc. may be held liable for the debt of D&S Auto Air & Radiators, Inc. and (2) Swanstrom is individually liable for the business debt. For the reasons explained below, we affirm the trial court's grant of summary judgment with regard to the D&S Auto Air & Transmission, Inc., but reverse with regard to Swanstrom's personal liability.

Summary judgment is proper when the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. OCGA

§ 9-11-56 (c). "We review the trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party." (Footnote omitted.) *Melman v. FIA Card Svcs.*, 312 Ga. App. 270 (718 SE2d 107) (2011). So viewed, the record shows that Dexter Swanstrom signed a "Wells Fargo Business Platinum Acceptance Certificate" on January 8, 2008 above a line labeled "Owner #1 Signature" on behalf of D&S Auto Air & Radiators, Inc." He listed his title as "Pres." beside his signature. Immediately above his signature, the certificate stated: "I certify that I have read and agree with the Terms and Conditions on the reverse side, including the personal guaranty." The documents in the record, however, do not contain a legible copy of the portion of the Terms and Conditions governing the personal guaranty. The record does contain a Wells Fargo Business Card Visa statement of account prepared for Swanstrom and addressed to both D&S Auto Air & Radiator and Swanstrom.

In 2012, after the business fell behind on its payments, Wells Fargo filed suit against Swanstrom and D&S Auto Air & Transmission, Inc. f/k/a D&S Auto Air & Radiators, Inc. In a joint answer, the defendants admitted an allegation in the complaint that D&S Auto Air & Transmission, Inc. was formerly known as D&S Auto Air & Radiators, Inc.

Wells Fargo conducted no discovery and moved for summary judgment in its favor, relying upon the affidavit of a Wells Fargo collections manager. The manager averred that he was personally familiar with the transactions between Wells Fargo and the defendants and asserted that the defendants owed over $23,000 based upon account statements attached to the affidavit. Swanstrom submitted an affidavit in opposition in which he averred that the documents submitted by Wells Fargo were not legible, denied that he personally guaranteed the loan, and contended that the debt "was the debt of D&S only." The trial court granted summary judgment in Wells Fargo's favor and ordered that it could recover from the defendants "jointly and severally."

1. We find no merit in appellants' contention that Wells Fargo failed to prove the existence of a contract between itself and D&S Auto Air & Transmission, Inc. Appellants admitted in their answer that D&S Auto Air & Transmission, Inc. was formerly known as D&S Auto Air & Radiator, Inc., as asserted by Wells Fargo, and Swanstrom acknowledged in an affidavit given on behalf of D&S Auto Air & Transmission, Inc. that the debt at issue belonged to D&S Auto Air & Transmission, Inc.

2. In related enumerations of error, Swanstrom asserts that Wells Fargo's claims against him individually fail, because the record does not contain the terms of his personal guaranty. We agree.

Wells Fargo, "as the party alleging that a contract exists, has the burden of proving its existence and its terms." (Citation and punctuation omitted.) *Terry Hunt Constr. v. AON Risk Svcs.*, 272 Ga. App. 547, 552 (3) (613 SE2d 165) (2005). In support of its claim on the personal guaranty, Wells Fargo submitted an illegible copy of the terms and conditions governing the guaranty, which is "not entitled to evidentiary consideration. [Cits.]" *Black v. Floyd*, 280 Ga. 525, 526 (1) (630 SE2d 382) (2006). "The true nature of the guarantor's liability is established by the terms of the guaranty, which may render the guarantor only secondarily liable on the principal's inability to pay, or otherwise condition or limit liability in any number of ways. [Cit.]" *Holland v. Holland Heating & Air Conditioning, Inc.*, 208 Ga. App. 794, 796 (1) (432 SE2d 238) (1993). Without evidence of these terms, Wells Fargo cannot establish the nature and extent of Swanstrom's liability. We must therefore reverse the trial court's grant of summary judgment in favor of Wells Fargo with regard to Swanstrom.

*Judgment affirmed in part, reversed in part. Doyle, P. J., and McFadden, J., concur.*