**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 15, 2016**

# In the Court of Appeals of Georgia

A16A0722. DOUGLAS ASPHALT COMPANY v. MARTIN
MARIETTA AGGREGATES et al.

McFADDEN, Judge.

Douglas Asphalt Company appeals the grant of summary judgment to Martin
Marietta Aggregates on Douglas Asphalt Company's counterclaim for breach of
contract. It also appeals the trial court's dismissal of its amended counterclaim. We
affirm the judgment to Martin Marietta Aggregates because Douglas Asphalt has
failed to point to evidence giving rise to a triable issue. We affirm the dismissal of the
amended counterclaim because Douglas Asphalt did not obtain leave of court before
filing it.

1. *Facts.*

Martin Marietta Aggregates filed a suit on account against Douglas Asphalt Company and Douglas Asphalt Paving, Inc. It alleged that Douglas Asphalt Company owed it $547,056 on an open account/line of credit under which Martin Marietta had provided aggregate material to Douglas Asphalt Company on numerous occasions. It further alleged that Douglas Asphalt Paving was the successor to Douglas Asphalt Company and had assumed its debts.

The defendants answered the complaint and Douglas Asphalt Company filed a counterclaim, alleging that "pursuant to one or more agreements" between Douglas Asphalt Company and Martin Marietta, Martin Marietta was required to provide aggregate material within a specific schedule, but, on numerous occasions, it had failed to do so. Douglas Asphalt Company did not specify the occasions on which Martin Marietta allegedly failed to meet a specific schedule, but in the course of litigation, it clarified that it sought damages for delays in regard to seven particular projects that it identified as the Brantley County project, the Monroe County project, the Crisp/Turner project, the Bacon/Ware project, the Appling project, the Appling/Wayne project, and the Barco-Duval project.

Martin Marietta moved for summary judgment on the counterclaim in June 2010. Among other arguments, Martin Marietta contended that it was entitled to

2

summary judgment because the parties had not entered an enforceable agreement for the sale of goods and that Douglas Asphalt Company never produced the contracts that underlie its counterclaim.

On November 28, 2012, more than three years after filing its answer and counterclaim, Douglas Asphalt Company filed an amended counterclaim, seeking relief on a theory of promissory estoppel. It alleged that it had relied to its detriment on Martin Marietta's promises to supply all rock on numerous Georgia Department of Transportation contracts.

Martin Marietta moved to dismiss the amended counterclaim as Douglas Asphalt Company had not obtained leave of court before filing it. Douglas Asphalt Company then moved for leave to file its amended counterclaim.

In brief orders, the trial court granted Martin Marietta's motion for summary judgment on Douglas Asphalt Company's counterclaim and its motion to dismiss the amended counterclaim. After Martin Marietta dismissed its pending claims on the suit on account, Douglas Asphalt Company filed this appeal.

2. *Summary judgment.*

On summary judgment, Martin Marietta, which would not bear the burden of proof at trial on Douglas Asphalt Company's counterclaim,

3

need not affirmatively disprove [Douglas Asphalt Company's] case; instead, the burden on [Martin Marietta on summary judgment] may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support [Douglas Asphalt Company's] case. If [Martin Marietta] discharges this burden, [Douglas Asphalt Company as] the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*BAC Home Loans Servicing, L.P. v. Wedereit*, 297 Ga. 313, 316 (773 SE2d 711) (2015) (citation omitted).

Here, Douglas Asphalt Company alleged an unspecified number of breaches of contractual terms relating to seven particular projects. It argues that two different kinds of contracts between Martin Marietta and Douglas Asphalt Company governed the seven projects. The first kind of contract was a job requirements contract, in which Martin Marietta would submit a quotation to supply the materials for a specific job. According to Douglas Asphalt Company, if Douglas Asphalt selected Martin Marietta as a supplier, then Martin Marietta would prepare a sales order and occasionally send an acknowledgment of order to Douglas Asphalt Company for its files. Douglas Asphalt Company contends that the Crisp/Turner, Bacon/Ware,

4

Appling, Appling/Wayne, and Barco-Duval projects at issue in this case were governed by this type of job-specific agreement.

The second kind of contract, according to Douglas Asphalt Company, was a "plant requirements agreement." Under this type of agreement, Martin Marietta would provide Douglas Asphalt Company with a quotation for the price per ton of material from its quarries for a certain period of time. According to Douglas Asphalt Company, the Brantley County and Monroe County projects at issue in this case were governed by this type of agreement.

Douglas Asphalt Company argues that both kinds of agreements are evidenced by two types of documents: the quotation that Martin Marietta would provide to Douglas Asphalt Company and either a sales order or acknowledgment of order that Martin Marietta would supply once Douglas Asphalt Company had accepted the quotation. It argued that under OCGA § 11-2-309, Martin Marietta had to deliver the material within a reasonable time. It also argued that the parties' course of conduct established that a reasonable delivery time was one week.

To discharge its burden on summary judgment, Martin Marietta pointed out by reference to the documents in the record that there was an absence of evidence of any contracts relating to the seven projects at issue. Martin Marietta observed that in

5

response to its request for documents evidencing the parties' agreements, Douglas Asphalt Company produced in discovery more than 100 quotations and sales orders. But, Martin Marietta noted, Douglas Asphalt Company failed to link the quotations and sales orders to any of the seven projects for which it sought damages.

Undoubtedly the parties had a contractual relationship stemming from the open account/line of credit agreement upon which Martin Marietta initially filed suit. But Douglas Asphalt Company's breach of contract claim depends upon evidence that Martin Marietta violated the contractual terms governing the seven projects at issue. "[A]s the party alleging that a contract exists, [Douglas Asphalt Company would have] the burden of proving its existence and its terms." *Swanstrom v. Wells Fargo Bank*, 325 Ga. App. 743, 744 (2) (754 SE2d 786) (2014) (citation omitted). Douglas Asphalt Company alleged that Martin Marietta was required to provide aggregate material within a specific schedule, but, on numerous occasions, it had failed to do so. Yet it has failed to point to evidence of the contractual terms imposing the specific schedules, or, in other words, the dates by which Martin Marietta had to deliver the aggregate material for these seven projects. "A contract cannot be enforced if its terms are incomplete, vague, indefinite[,] or uncertain." *Burns v. Dees*, 252 Ga. App. 598, 601-602 (1) (a) (557 SE2d 32) (2001) (citation omitted). And although

6

some details might be supplied under the doctrines of reasonable time or reasonable requirements[,] . . . indefiniteness [is] not cured . . . where the agreement relied upon was so vague, indefinite and uncertain as to make it impossible for courts to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there had been performance.

*Jackson v. Williams*, 209 Ga. App. 640, 642-643 (1) (434 SE2d 98) (1993) (citations and punctuation omitted) (finding construction agreement unenforceable where there was no agreement regarding the material to use in construction, the precise location of the construction, the time period for construction). Without pointing to evidence of the contractually required delivery dates for the materials for the seven projects, Douglas Asphalt Company cannot show that Martin Marietta failed to deliver the materials in a timely manner; it has not pointed "to specific evidence giving rise to a triable issue." *BAC Home Loans Servicing*, 297 Ga. at 316. Douglas Asphalt Company has failed to overcome Martin Marietta's motion for summary judgment, and the trial court did not err in granting the motion.

3. *Amended counterclaim.*

Douglas Asphalt Company has not shown that the trial court erred by dismissing its amended counterclaim. OCGA § 9-11-13 (f) provides, "When a pleader

7

fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Although Douglas Asphalt Company filed a motion seeking leave to amend the counterclaim, it did not obtain such leave before filing the amended counterclaim; the record contains no ruling on the motion. The trial court, therefore, did not err in dismissing the amended counterclaim. *Bellamy v. FDIC*, 236 Ga. App. 747, 749-750 (b) (512 SE2d 671) (1999) (defendant's new theories were additional grounds for compulsory counterclaim and, thus, were new counterclaims which were barred without first obtaining leave of court); *Cornelius v. Auto Analyst*, 222 Ga. App. 759, 762 (3) (476 SE2d 9) (1996) (OCGA § 9-11-13 (f) applies to both compulsory and permissive counterclaims; although defendant sought leave to file additional counterclaims, he did not obtain leave before filing them, so trial court properly dismissed them); *Conerly v. First Natl. Bank*, 209 Ga. App. 601, 603-604 (3) (434 SE2d 143) (1993) ("The second counterclaim filed here involved totally new theories" based upon the same facts as the underlying complaint and first counterclaim, so defendant had to obtain leave before filing it.).

*Judgment affirmed. McMillian, J., concurs and Miller, P. J., concurs in the judgment only.*