**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS, J., and SENIOR APPELLATE JUDGE BEASLEY**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 16, 2018**

# In the Court of Appeals of Georgia

A18A0564. GATEWAY FINANCIAL SERVICES, LLC v. DB-021 NORRILS.

BEASLEY, Senior Appellate Judge.

Gateway Financial Services, LLC appeals from an order of the State Court of Fulton County domesticating, but staying enforcement of, an Illinois judgment against Lavonne Norrils because the trial court concluded the Illinois judgment is time-barred under Georgia law.[1] If the trial court erred in "misread[ing] the date of rendition of the [Illinois] judgment," such factual error was induced by Gateway. Moreover, Gateway raises this issue for the first time on appeal, rather than in the trial court, where it had to be first preserved. Therefore, we affirm.

---

[1] Although notice was sent as required by OCGA § 9-12-133, Norrils did not respond to Gateway's filing in the trial court or file an appellee's brief in this Court.

The record reveals that Gateway obtained a judgment for $11,589.02 against Norrils in the Circuit Court of Cook County, Illinois. In filing its notice of enforcement of a foreign judgment, Gateway included a photocopy of the Illinois judgment and in its complaint twice alleged that the date of the judgment was September 11, 2000. In addition, a proposed order domesticating the Illinois judgment identified the date of the original judgment as September 11, 2000. Norrils did not respond. In its order domesticating the foreign judgment, the trial court found that "[t]he judgment here at issue was rendered and filed in Illinois on September 11, 2000."[2] As a result, the trial court concluded that the judgment was "time-barred under the law of this State and unenforceable." See OCGA §§ 9-12-60, 9-12-61. Accordingly, the trial court ordered "that the final judgment against Norrils shall be given full force and effect as if entered in this State. However, any and all enforcement of the judgment in this State is hereby **STAYED**." (Emphasis in

---

[2] It is unclear, because of where the date is stamped on the judgment, whether the year of the judgment was 2000, as contended by Gateway and as found by the trial court below, or 2008, as now raised by Gateway for the first time on appeal. It could very well be found as fact that it is 2008, as the form on which the judgment is entered is apparently dated "1/21/04."

2

original.) The court further noted that the matter was "concluded" and the clerk was directed to "close this case." This appeal followed.

In its sole enumeration of error, Gateway asserts that the trial court erred in staying enforcement of the foreign judgment sua sponte "and holding the judgment to be dormant."

(a) Gateway contends that the trial court erred by entering its order sua sponte, but fails to support this contention with citation of authority or argument in its brief to this Court. We therefore deem it abandoned and will not consider it. See *Jenkins v. Buice*, 231 Ga. App. 843, 845 (1) (499 SE2d 734) (1998); Court of Appeals Rule 25 (c) (2).

(b) Gateway argues on appeal that the foreign judgment is not dormant because it was entered in 2008, not 2000 as it represented to the trial court. While it is correct

that a 2008 judgment would not be dormant,[3] this Court will not correct an error induced by an appellant's own conduct.

The notice of enforcement filed by Gateway in the trial court stated that the date of the Illinois judgment was September 11, 2000. A proposed order domesticating the judgment likewise identified the date of the original judgment as September 11, 2000. Norrils did not respond to Gateway's filing, and the trial court found that the Illinois judgment was entered on September 11, 2000. Now, in this Court, Gateway contends for the first time on appeal that the "record reflects that [Gateway] filed a judgment entered in Illinois dated September 11, 2008" and that "[t]he Trial Court misread the date of rendition of the judgment as being 2000 rather than 2008." However, other than the date at the top of the form, noted in footnote 2, there is no evidence to support Gateway's current argument that the Illinois judgment

---

[3] OCGA § 9-12-60 provides that "[a] judgment shall become dormant and shall not be enforced . . . [w]hen seven years shall elapse after the rendition of the judgment before execution is issued thereon. . . ." Furthermore, "[w]hen any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." OCGA § 9-12-61. "OCGA §§ 9-12-60 (a) and 9-12-61 thus operate in tandem as a ten-year statute of limitation for the enforcement of Georgia judgments." *Corzo Trucking Corp. v. West*, 281 Ga. App. 361, 362-363 (636 SE2d 39) (2006). Finally, this "ten-year limitation period begins to run when the foreign judgment is rendered." *Auto. Credit Corp. v. White*, 344 Ga. App. 321, 323 (___ SE2D ___) (2018).

was originally entered in 2008. As to illegible documents, see *Swanstrom v. Wells Fargo Bank*, 325 Ga. App. 743, 744 (2) (754 SE2d 786) (2014) (illegible copy of contract "not entitled to evidentiary consideration") (citation and punctuation omitted).[4]

As a result, any alleged error by the trial court concerning the date the Illinois judgment was rendered was due to Gateway's own statements. "A party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him." (Citation and punctuation omitted.) *Williamson v. Strickland & Smith, Inc.*, 296 Ga. App. 1, 4 (1) (673 SE2d 858) (2009). See also *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 130 (6) (610 SE2d 529) (2005) ("A party cannot complain of [an] order . . . that his own conduct produced or aided in causing.") (citation, punctuation and footnote omitted). Nor did Gateway present any additional evidence following the trial court's order to demonstrate that the Illinois judgment was entered on a different date. Accordingly, Gateway has failed to show error in the record. See generally *Kecskes v. City of Mt. Zion*, 300 Ga. App. 348, 350

---

[4] Gateway asserts in its brief that "the judgment was recertified on January 12, 2017," but the record shows merely that a certified copy of the judgment was obtained. Gateway makes no argument or showing that this purported recertification somehow renewed or revived the dormant judgment pursuant to the procedures outlined in OCGA § 9-12-60 (a).

(1) (a) (685 SE2d 329) (2009) ("It is the duty of the party asserting error to show it by the record; mere assertions of error in briefs cannot satisfy this duty.") (Citation and punctuation omitted).

*Judgment affirmed. Miller, P. J., and Andrews, J., concur.*